No. 2,383.

JAMES McCOY, Respondent, *v.* CALIFORNIA PACIFIC RAILROAD COMPANY, Appellant.

Action for Damages Against Railroad Co.—Negligence.—Where an un-fenced line of railroad passes through a field, in which the live stock of the owner, or occupier of the field, are running, and the stock of the occupant stray into the road and are killed by the train, these facts unexplained, make a *prima facie* case of negligence against the Railroad Company.

Idem.—Contributory Negligence.—The owner of the stock is not guilty of contributory negligence, from the fact that he knew the road was not fenced, when he turned his stock in the field.

Idem.—Right of Occupant to use Land through which Railroad passes.—The neglect of the Company to build the fence, does not operate to dis-possess the occupant of his entire field, or prevent him from making a lawful use of it.

Idem.—Liability of Company.—A Railroad Company which continues running its cars upon an open track, undertakes, at its peril, that no harm shall come to the stock running in the field, through which the road runs, for the want of a proper fence.

Appeal from the District Court of the Seventh District, County of Solano.

Action for damages brought by plaintiff, to recover the value of certain horses and mules alleged to have been killed by the cars of the defendant, while passing along their unfenced railroad track running through a field occupied by plaintiff.

Plaintiff proved ownership of the stock, and their value to be three hundred and ninety dollars; that they were killed by defendant's cars, on the railroad track in plaintiff's field, and that said railroad was unfenced.

Defendant moved for a nonsuit, and the Court denied the motion, to which ruling the defendant excepted.

The cause was tried by a jury, and a verdict returned for the plaintiff, in the sum of three hundred and ninety dollars, and judgment entered accordingly.

Defendant moved for a new trial. The Court denied the motion, and defendant appealed from the judgment, and from the order denying the motion for a new trial.

*William S. Wells,* for Appellants.

To say that because the plaintiff had a right, as between himself and the owners of the adjacent land, to occupy it with his cattle, does not in any degree modify his obligation to exercise ordinary care in the mode and manner of its use. And to suffer stock to run at large in the night time, in the vicinity of an unenclosed railroad, is, we conceive, an act of carelessness on the part of the owner, by reason of which the law will charge him with negligence.

Concede that plaintiff was in the ordinary exercise of his legal rights, yet in such exercise he exposes his property to great danger,—he took no precaution, but on the contrary threw open his fences, and so far as appears, paid no attention to the stock by day or by night. (*See Cook* v. *the Champlain Transportation Co.*, 1 Denio. 91.)

It has been repeatedly adjudged that a person suffering cattle to stray on the highway in the vicinity of an enclosed railroad, is guilty of negligence. (*See Mauger* v. *Tonawanda R. R. Co.*, 4 Comstock, 394; *March* v. *N. Y. & Erie Railroad Company*, 14 Barb. 364; *Talmadge* v. *Rensselaer and Saratoga Railroad,* 13 Barb. 493; *Eames* v. *Salem and Lowell Railroad Co.*, 98 Mass. 560; *Enright* v. *San Jose Railroad Co.*, 33 Cal. 140; and *Needham* v. *same,* not reported.)

The case presented in the pleadings only charged negligence in running the locomotive, and not in constructing or maintaining the road.

Our statute limits the right of recovery to cases where the owner of the cattle is not negligent or at fault. (See also Hilliard-on Torts. vol. 1 P. 633; *Kennard* v. *Burton.* 25 Main 39; *Waldron* v. *P. S. & B. Railroad Co.* 35 Me. 422.).

The plaintiff was bound to exercise his rights on the land, whatever they might be, with due regard to the rights of others. (See *Marsh* v. *N. Y. & E. Railroad,* 14 Barb. 364.)

It is more than ordinary negligence to throw open a fence permanently, and admit cattle upon land through which an unfenced railroad passes, paying no regard or attention to them whatever, either by day or by night.

*John G. Presley,* for Respondent.

Plaintiff was no way in fault, because he had a right to put his cattle in his own field, and if they strayed upon the line of the road, and were killed, the liability of the defendant is fixed by statute. *(Sec.* 40. *Hittell's Digest,* 865.)

Allegation of want of fencing is not necessary, and if such allegation be necessary, it is now too late to make that objection. No such objection was made at the trial, and proof that the line of the road was not fenced was received without objection. (See *Boyce* v. *California Stage Co.,* 25 Cal. Reports, 460.)

Plaintiff proved that his stock were in his own field, where he had a right to keep them. They were killed by the cars of the defendant, on the line of their road, in that field. The presumption of law, in such case, is that the killing was negligent. The bare proof of these circumstances fixes the liability of defendants, unless they show that no human foresight or diligence, could have prevented the accident. The *onus* of showing this is on the defendant. (See 14 *Cal.* 387; *Ellis* v. *P. & R. R. Co.,* 2 Indell 140; *Henning* v. *W. & R. R. R. Co.* 10 Indell; *Hazlett* v. *Philadelphia and Reading Railroad Co.* 23 Penn. 373; 18 Cal. 351; *Daner* v. *S. C. Railroad Co,* .4 Rich. 330; *Murray* v. *So. Ca. R.R. Co.,* 10 Richardson, 227; *Josey* v. *W. & M. R. Co.,* 11 Richardson, 399.)

With proof before the Court that the line of road is not fenced, and in the absence of all proof that fencing has been waived, and there being no law applicable to the locality where this accident occurred, requiring stock to be fenced in, it can hardly be seriously contended that the plaintiff was in fault in putting his stock in his own pasture, or leaving them there at night.

WALLACE, J., delivered the opinion of the Court, RHODES, C. J., and CROCKETT, J., concurring :

—The instructions given were permitted to pass without objection below, and therefore will not be looked into here.

The motion for a nonsuit was correctly denied. The line

of the road was not fenced where it passed through the field occupied by the plaintiff ; the live stock of the latter running in this field strayed on to the road and were killed by the train ; these 'facts unexplained made a *prima facie* case of negligence against the defendant.

Nor was the plaintiff guilty of contributory negligence from the fact that he knew that the road was not fenced when he turned the stock into the field.

The neglect of the defendant to build the fence certainly did not operate to dispossess the plaintiff of his entire field, or, what is the same thing, prevent him from making lawful use of it.   Besides, he probably knew that so long as the defendant chose to continue running its cars upon this open track, it undertook at its peril that no harm should come to the stock for the want of a proper fence.

Judgment affirmed.

Mr. Justice TEMPLE, being disqualified, did not participate in the decision of this case.

---

**2.,346**