MERRIMACK.

---

BLAISDELL *v.* STONE.

The agistment or other bailment of cattle does not relieve their owner from liability for damage done by their straying from the bailee's pasture.

TRESPASS *qu. cl.*    Facts found by a referee.    Either the defendant or his son is liable for damage done by the defendant's sheep straying into the plaintiff's land from their pasture, which was a part of the defendant's farm.    The defendant had verbally let his farm and farm stock, including the sheep, to his son for the year in which the damage was done ; and the son had possession and con-

trol of the farm and stock. The stock was appraised at the beginning of the year, and the son had the right to sell it or exchange it for other stock, returning it at the end of the year, or its proceeds if sold or exchanged; and he was to maintain the fences during the year.

*Barnard & Barnard*, for the plaintiff. An owner of cattle is liable in trespass for damage done by their straying from his land. 3 Bl. Com. 211; 2 Greenl. Evid., s. 621; *Avery* v. *Maxwell*, 4 N. H. 36; *Mills* v. *Stark*, 4 N. H. 512; *Noyes* v. *Colby*, 30 N. H. 143. This action could be brought, at the plaintiff's election, against the defendant or his son. 2 Rolle. Abr. 546; 9 Bac. Abr., Trespass (G. 2); 20 Vin. Abr., Trespass (B); Com. Dig., Trespass (C. 1); *Sheridan* v. *Bean*, 8 Met. 284; *Stafford* v. *Ingersol*, 3 Hill 38. By distraining the animals, the plaintiff could have enforced the defendant's liability to the extent of their value. G. L., c. 143. The owner cannot avoid his liability by a secret verbal arrangement with a member of his own family. In *Tewksbury* v. *Bucklin*, 7 N. H. 518, the defendant was not the owner of the cattle. It was held that if he was bailee he was bound to keep them on his land. Whether the action could have been maintained against the owner, was a question that did not arise.

*Pike & Parsons*, for the defendant. At common law it is the occupant and not the owner of land who is bound to keep the fence in repair. *Cheetham* v. *Hampson*, 4 T. R. 318; *Rider* v. *Smith*, 3 T. R. 766; *Queen* v. *Bucknall*, 2 Ld. Raym. 804; *Tewksbury* v. *Bucklin*, 7 N. H. 518. The actual occupant of land is deemed the owner of it for the purpose of maintaining fences. G. L., c. 142, ss. 19, 13. Liability for damage done by stray cattle is based on the duty of their custodian to prevent their wandering. In *Noyes* v. *Colby*, 30 N. H. 143, the defendant was held liable because of his constructive and technical possession. This defendant had not the actual or constructive possession, or the right of possession. His bailee is liable. *Smith* v. *Jaques*, 6 Conn. 530; *Barnum* v. *Vandusen*, 16 Conn. 200. The defendant is not liable. *Ward* v. *Brown*, 64 Ill. 307; *Rossell* v. *Cottom*, 31 Penn. St. 525; Cool. Torts 340; 1 Hill. Torts 649, 650; *Kennett* v. *Durgin*, 59 N. H. 560.

Doe, C. J. The referee has not found that the title of the farm stock passed from the defendant to his son. The defendant was the general owner of the sheep. His son, as bailee, had the possession and care of them on the farm of which he was tenant. They did not escape into the plaintiff's land from a highway in which they were rightfully and carefully driven. *Mills* v. *Stark*, 4 N. H. 512, 514; *Brown* v. *Collins*, 53 N. H. 442; *Hartford* v. *Brady*, 114 Mass. 466; *Gardner* v. *Rowland*, 2 Ired. 247; *Good-*

*wyn* v. *Cheveley*, 4 H. & N. 631. They were not taken from the bailee's possession and driven into the plaintiff's premises by a trespasser. *Noyes* v. *Colby*, 30 N. H. 143, 153. For the damage done by them while straying from their pasture, the plaintiff is entitled to compensation.

By the ancient common law of England, agistment did not relieve the owner from liability. This rule may have originated in barbaric ideas not now accepted as a ground of legal obligation. Holm. Com. Law 1–38, 116–119, 156. And the question may be whether the rule, unsupported by its primitive reasons, has no existing foundation in the succession of common customs, common necessities, or common sentiments, in which many common-law principles have an origin and a development that are continuous, authorized, and inevitable.

The plaintiff was not legally entitled to actual or constructive notice of the bailment of the defendant's sheep. And under the present conditions of New Hampshire agriculture, there may be less hardship in the defendant's liability than in a new rule putting the task of discovering the bailment, before suit, upon all persons entitled to damages in such cases. It may be reasonably necessary that the risk of entrusting the custody of cattle to an irresponsible bailee, should so rest upon their owner as not to deprive injured third persons of the benefit of a common-law action, if the bailee is unable to pay the damages. The ancient rule, that the injured party may, at his election, maintain trespass against the owner or his bailee, is not so clearly devoid of modern reason as to require a decision that it has ceased to exist.

*Judgment for the plaintiff.*

STANLEY, J., did not sit: the others concurred.