Nash, J.
The defendant in the court of common pleas presented several special charges which it asked the court to give to the jurj1-, which requests were refused. To certain parts of the charge of the court as given the defendant excepted. The principal question raised by these refusals and the exceptions is, “Was Scudder guilty of contributory negligence in pasturing his hogs in this field, belonging to *175 him, when he knew that there were such defects in the fence, separating the field from the railroad, that the hogs could go through them, from the field upon the track of the railroad company? ”
At the time of the injuries complained of bjr Scudder the act of April 18, 1874 (71 Ohio L., 85, sec. 1), was in force, and by it, it was the duty of the railroad company to construct a good and sufficient fence to turn stock between its track and Scudder’s field, and if such a fence had been constructed it was the duty of the company at its own expense to keep said fences up in good repair. The evidence also showed that a contract existed between Scudder and the railroad company by virtue of which the railroad company had agreed to do substantially what was its duty to do under the statute. This contract was made some time prior to the first accident complained of, and the three accidents covered a period of about three months. During all this time the agents and servants of the company were daily going over the road. It had ample opportunity to know of the defects in the fence. ■
We think that Scudder, in using this field for pasturing his hogs, was not guilty of such contributory negligence as would prevent his recovery. The duty to construct and maintain this fence was placed upon the railroad company, not only by contract but also by the statute of April 18, 1874. The principal object had in view by the makers of that law was the protection of the public, and not alone the protection of the land-owner. To hold otherwise than we do would virtually nullify the statute in many cases. It certainly was not the intention of the general assembly that land-owners should abandon the use of their fields for the reason that railroads neglect to perform a duty to the public,enjoined upon them by statute.
In our conclusions we are sustained by the courts of other states. Rogers v. Railroad Co., 1 Allen, 16; Shepard v. B., N. Y. and E. R. R., 35 N. Y., 641; T. W. & W. Ry. Co. v. Cory, 39 Ind., 218; Hammond v. C. & N. W. R. Co., 43 Iowa, 168; Gardner v. Smith, 7 Mich., 410; McCoy v. Cal. *176 P. R. R. Co., 40 Cal., 532; Wilder v. Maine Central R. R. Co., 65 Maine, 332.
Former decisions of this court have been rendered under the act of March 25, 1859 (S. & C., 331), which provided that fences separating a railroad track from adjacent lands should be treated and maintained as partition fences. The act of 1874 provided that such fences should be kept in repair by railroad companies. Therefore the conclusion reached by us is not in conflict with previous determinations.
Since this case was determined by the commission, and since the foregoing opinion was written, the 38th volume of the Ohio State Reports has been published, containing the case of Railway Co. v. Smith, page 410, which is in harmony with our conclusions.

Judgment affirmed.