E. R. GOODING v. THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY.

1. BULL, *Not Unlawfully at Large.* Where a person pastures a bull over one year old on his own *inclosed* premises, through which a railroad is constructed and operated, and the railroad company has not inclosed its road with a fence, as required by the provisions of the railroad stock law of 1874, ( Comp. Laws of 1879, ch. 84, art. 2, pp. 784, 785,) and the bull is killed by the railroad company in the operation of its road, *held*, that the bull was not so running at large, within the meaning of § 38, article 5, of the act relating to stock, ( Comp. Laws of 1879, ch. 105,) as to prevent the owner from recovering for its value under the provisions of said railroad stock law of 1874.

2. ———— And so held, although the railroad company may *own* the strip of land upon which its track is located, and where the animal was killed.

*Error from Johnson District Court.*

ACTION by *Gooding* against *The Railroad Company*, to re-recover the value of his bull which had been killed by the defendant in the operation of its road. At the November Term, 1883, the defendant had judgment for costs against the plaintiff, who brings the case to this court. The opinion states the material facts.

*I. O. Pickering*, for plaintiff in error.

*A. A. Hurd*, and *Robt. Dunlap*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Johnson county by E. R. Gooding against the Atchison, Topeka & Santa Fe railroad company, under the railroad stock law of 1874, (Comp. Laws of 1879, ch. 84, art. 2, pp. 784, 785,) to recover the value of a certain bull which the plaintiff alleged had been killed by the defendant in the operation of its road. The plaintiff alleged in his petition all the facts necessary to entitle him to recover, including the averment that said animal when killed was in the plaintiff's inclosure, a pasture inclosed with a good and lawful fence; that said pasture extended on each side of the railroad, which ran through it; and that the railroad was wholly unfenced at any point within the pasture. The defendant answered, admitting every material allegation of the petition, but as a matter of defense set forth and alleged, "that said bull was over one year of age, and was permitted to run at large by plaintiff in the inclosure mentioned in his petition, and that the defendant owned a strip of land through said inclosure, upon which was its track, upon which said bull strayed and was killed, as alleged in the petition." To this answer the plaintiff demurred, upon the ground that the answer did not state facts sufficient to constitute a defense to the plaintiff's cause of action. The court below overruled the demurrer, to which ruling the plaintiff excepted, and he now brings the case to this court and asks for a reversal of

such ruling.    The defendant seeks to avoid liability in this case
by virtue of the provisions of § 38, article 5, of the act relating
to stock, (Comp. Laws of 1879, ch. 105, p. 926,) which sec-
tion, so far as it is necessary to quote it, reads as follows:

"SEC. 38. If any bull over one year old  .  .  .  be per-
mitted to run at large, the owner of the same shall be guilty
of a misdemeanor, and on conviction thereof shall be fined
for the first offense five dollars, and for every subsequent
offense shall be fined ten dollars."

The defendant also cites the case of the *K. P. Rly. Co. v.
Landis*, 24 Kas. 406, as controlling the decision of the pres-
ent case.    On the other side, the plaintiff cites the case of the
*A. T. & S. F. Rld. Co. v. Riggs*, 31 Kas. 622, as controlling
the decision of this case.    The present case we think is
nearer like that of the *A. T. & S. F. Rld. Co. v. Riggs*
than it is like the case of the *K. P. Rly. Co. v. Lan-
dis*.    In the Landis case, it was held that Landis could not
recover for injuries to his animal, because he did not *keep
it confined*, within the provisions of the night herd law of
1868, which requires owners of animals to "keep them con-
fined;" while in the Riggs case, it was held that Riggs might
recover for the injuries to his animal, although it was claimed
that he permitted it to "run at large," in violation of the
provisions of the county herd law of 1872.    The statute gov-
erning in the present case, as does the county herd law of
1872, simply provides that such animals as the one that was
injured in the present case, shall not be permitted to "run at
large," and it does not provide, as the night herd law of 1868
does, that the owners of the animals shall "*keep them con-
fined.*"    While, for the purposes of this case, it may be admit-
ted that the owner of the bull did not *keep him confined*, yet
it can hardly be claimed that he *permitted him to run at large*.
The bull was not permitted to run at large, but he was in fact
*confined* within the owner's premises, except that he could pass
from the owner's premises upon the right-of-way of the rail-
way company; but if the railway company had fenced its
road, as the law requires, the bull could not have passed at

all from its owner's premises. This case, in principle, comes entirely within the principles announced in the case of the *A. T. &. S. F. Rld. Co. v. Riggs*, except that in this case the railroad company alleged that it "owned" a strip of land upon which its track was located and where the bull was killed; while in the Riggs case the decision of the court was upon the theory that the railway company simply had an easement over the plaintiff's land where its track was located and where the animal in that case was killed. We do not think, however, that this difference between the two cases will require a difference between the two decisions. The bull in the present case was rightfully pasturing upon its owner's premises, and it strayed from there upon the defendant's premises simply because of the neglect and wrong on the part of the defendant in not inclosing its road with a lawful fence. In addition to the cases above cited, see the following cases: *Cressey v. Northern Railroad*, 59 N. H. 564, and cases there cited; same case, 29 Alb. Law Jour. 392; *Pittsburgh &c. Rly. Co. v. Smith*, 38 Ohio St. 410; same case, 13 Am. & Eng. Rld. Cases, 579; *B. & M. Rld. Co. v. Brinkman*, 14 Neb. 70.

The judgment of the court below will be reversed, and the cause remanded with the order that the demurrer to the defendant's answer be sustained, and for such other proceedings in the case as may be proper.

All the Justices concurring.