THE MISSOURI PACIFIC RAILWAY COMPANY v. RICHARD BRADSHAW.

1. UNFENCED RAILWAY *through Farm.* An unfenced railway passed through a farm, and a hog belonging to the owner of the farm escaped, without any fault on the part of the owner, and strayed upon the railway within the limits of such farm, and was there killed by the railway company in the operation of its road. *Held,* Under the railroad stock law of 1874, (Comp. Laws of 1879, pp. 784, 785, ¶¶ 4915 to 4919,) that the railway company is liable.

2. HOGS *at Large.* And this notwithstanding the fact that the hog law of 1868, (Comp. Laws of 1879, pp. 927, 928, ch. 105, art. 7,) prohibiting hogs from running at large, was in force in that township.

3. ———— *Duty to Erect Fence.* Under the said railroad stock law of 1874, a railroad company is required to inclose its railroad with a good and lawful fence, as against all animals against which such a fence would be a protection.

4. ———— *What Company Must Show.* And where the railroad company claims that the animal in question is or was such that a good and lawful fence would be no protection against it, it devolves upon the railroad company to show the same.

5. ———— The plaintiff in this case was not guilty of contributory negligence.

*Error from Neosho District Court.*

ACTION by *Bradshaw* against *The Railway Company,* to recover damages for his hog, alleged to have been killed by the said company. Trial at the April Term, 1884, and judgment for plaintiff for $20 for the value of his hog, $20 as an attorney's fee for the prosecution of his action, and for costs. *The Company* brings the case here. The opinion states the material facts.

*C. F. Hutchings,* and *David Kelso,* for plaintiff in error.

*Cogswell & Kenney,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Richard Bradshaw, before a justice of the peace of Mission township, Neosho county, under the railroad stock law of 1874, (Comp. Laws of 1879, pp. 784, 785, ¶¶ 4915 to 4919,) and at common law for negligence, to recover damages for a hog, belonging to the plaintiff, alleged to have been killed by the defendant in the operation of its railway.

It appears from the evidence and the findings of the court below, that the plaintiff, Bradshaw, owns and occupies a farm through which runs the unfenced railway of the defendant. One of the plaintiff's hogs, a sow, which was confined in a pen on his own premises, accidentally escaped, and without any negligence on his part, strayed upon the defendant's railway, within the limits of the plaintiff's farm, and was there killed by the railway company in the operation of its road. The general hog law of 1868 and the herd law of 1872 were then in force in that county and in that township. Bradshaw made due demand, and brought suit before a justice of the peace in that township, seeking to recover under the railroad stock law of 1874, and at common law for negligence. After judgment before the justice of the peace, the case was appealed to the district court, where it was again tried, before

the court without a jury, and the court made special findings of fact and conclusions of law, and rendered judgment thereon in favor of the plaintiff and against the defendant for $20 damages, $20 attorney-fees, and costs of suit; and this judgment the defendant below, plaintiff in error, now seeks to have reversed, by petition in error in this court.

The court below found, among other things, that—

"The defendant was guilty of negligence in the killing of said hog; said negligence consisted in not having its road inclosed with a sufficient fence where its said road ran through plaintiff's farm, and where said hog was killed. It does not appear whether said hog was killed by a freight train or by a passenger train, and it was not shown that defendant company was guilty of any negligence in killing the hog other than not fencing its road as hereinbefore found and stated."

Bradshaw's farm was cultivated on both sides of the railway track; but whether it was inclosed with a fence of any kind does not appear either in the pleadings, findings, or the evidence. As a conclusion of law, the court found "that the defendant is liable in this action for the value of said hog and the aforesaid attorney-fee, and that the plaintiff is entitled to recover the same of and from the defendant." The company excepted to the findings of fact and conclusion of law, and filed its motions to set aside the conclusion of law, and for judgment upon the findings of fact, and for a new trial; all of which motions were overruled by the court, and judgment was rendered against the company for damages and attorney-fee as aforesaid.

The plaintiff in error, defendant below, claims that the judgment of the court below should be reversed for the reasons: *First,* that the findings of fact do not show that the defendant was guilty of any wrong; *second,* but even if they do, still that the plaintiff was equally at fault with the defendant, and cannot recover. The plaintiff in error claims that a railroad company is not required to construct fences as against hogs; and cites the following cases in support thereof: *A. T. & S. F. Rld. Co. v. Yates,* 21 Kas. 613; *K. C. Ft. S. & G. Rld. Co. v. McHenry,* 24 id. 501.

The plaintiff in error also claims that the plaintiff below was guilty of wrongdoing in permitting his hog to run at large in violation of article 7, ch. 105, of the act relating to stock, (Comp. Laws of 1879, pp. 927, 928,) and was therefore guilty of contributory negligence, and cites the following cases in support thereof, to wit: *C. B. Rld. Co. v. Lea,* 20 Kas. 353; *K. P. Rly. Co. v. Landis,* 24 id. 406.

Chapter 94 of the Laws of 1874 provides that a railroad company shall be liable to pay the owner the full value of "each, any [and] every animal killed," and damages for "each and every animal wounded," in the operation of its road, except where its "road is inclosed with a good and lawful fence, to prevent such animals from being on such road." No animal is excepted from the provisions of the statute, and of course the railroad company is required to fence as against all animals against which "a good and lawful fence" would be any protection. As against animals against which no good and lawful fence would be any protection, of course a railroad company is not required to fence; and it was with reference to this class of animals that the cases of Yates and McHenry were decided. It was not held in those cases that a railroad company need not fence as against any hogs, but only as against the hogs mentioned in those cases; that is, against hogs against which a lawful fence would be no protection. Where a good and lawful fence will protect a railroad track against any particular hogs, the railroad company is bound to fence as against such hogs; and as the statute expressly requires that railroad companies shall fence their roads to prevent animals — that is, all animals, without any exception — from getting on their roads, it necessarily follows that whenever it is shown that a railroad has not been fenced, and that an animal, whether a hog or some other animal, has passed upon the track and has been killed, we think a *prima facie* case has been made out against the railroad company. (*R. R. I. & St. L. Rld. Co. v. Lynch,* 67 Ill. 149.) And if the defendant railroad company in such a case claims that it was not bound to fence its road as against the particular animal in question, it devolves upon the railroad

company to show it. (*U. P. Rly. Co. v. Dyche*, 28 Kas. 200; same case, 11 Am. & Eng. Rld. Cases, 427; same case, 1 Pac. Rep. 243; *A. T. & S. F. Rld. Co. v. Shaft*, just decided; *I. P. & C. Rld. Co. v. Lindley*, 75 Ind. 426; same case, 11 Am. & Eng. Rld. Cases, 495; *Flint & P. M. Rly. Co. v. Lull*, 28 Mich. 510.)

While the burden of proving that the animal passed upon the railroad track where the railroad was not fenced, and was killed or injured, rests upon the plaintiff, yet the burden of proving that the animal was such that a good and lawful fence would have been no protection against it rests upon the defendant. Presumptively, a good and lawful fence would have been a protection in the present case. Nothing was shown to the contrary, and the hog in question was a large one.

The claim that the plaintiff cannot recover because he was guilty of contributory negligence, is entirely untenable. (*A. T. & S. F. Rld. Co. v. Riggs*, 31 Kas. 622; same case, 3 Pac. Rep., 305; same case, 15 Am. & Eng. Rld. Cases, 531; *Gooding v. A. T. & S. F. Rld. Co.*, 32 Kas. 150; same case, 4 Pac. Rep. 136; *A. T. & S. F. Rld. Co. v. Shaft*, just decided; *P. P. & J. Rld. Co. v. Barton*, 80 Ill. 72; *Ewing v. C. & A. Rld. Co.*, 72 id. 25; *Cressly v. N. Rld. Co.*, [N. H. Sup. Ct.,] 15 Am. & Eng. Rld. Cases, 540, and note, p. 544; *Bellefontaine Rld. Co. v. Reed*, 33 Ind. 476; *McCoy v. Cal. Pac. Rld. Co.*, 40 Cal. 532.)

The judgment of the court below will be affirmed.

All the Justices concurring.