SAMUEL LEEBRICK *et al.* v. THE REPUBLICAN VALLEY &
SOUTHWESTERN RAILROAD COMPANY.

HOGS KILLED — *Railroad Company not Liable.* In an action to recover
damages from a railroad company for the killing of hogs in a town-
ship where they were not permitted to run at large, and the hogs es-
caped from plaintiff's pen without his fault and strayed upon the
track of defendant's railroad, passing through plaintiff's farm, where
they were killed without negligence of the company; and went on the
track under a gate, the lower board of which was thirty-nine inches
from the ground, and except this gate the road was inclosed by a law-
ful wire fence which would not have prevented the hogs from going
on the track anywhere, *held*, that the company is not liable to the
owner of the hogs killed. (*A. T. & S. F. Rld. Co. v. Yates*, 21 Kas. 613.)

*Error from Phillips District Court.*

THE opinion states the case.

*Geo. W. Stinson & Son*, for plaintiffs in error.

*Pratt & Lewis*, and *W. W. & W. F. Guthrie*, for defendant
in error.

Opinion by HOLT, C.: This action, upon appeal, was tried
at the March term, 1887, of the Phillips district court, and
judgment was rendered for the defendant. The plaintiffs
claimed damages for hogs killed by the train of defendant on
its road. The court found that the plaintiffs' hogs escaped
from their pen without any fault or negligence on their part,
and strayed upon defendant's track where it passed across the
plaintiffs' land; that the hogs passed upon the track under a
gate, a part of the fence of defendant which inclosed the track;
that this was a wire fence, and a lawful one except that the
lower plank of the gate was thirty-nine inches from the
ground for the space of about fourteen feet; that neither the
fence itself nor the gate would have prevented the hogs from
passing upon the track, and that the killing of the hogs was
accidental, so far as the evidence shows. The court also found
as a conclusion of law, that the defendant was not liable under
the railroad stock law for the killing of said hogs, and ren-

dered judgment for defendant for costs. The plaintiffs have brought the case here.

The findings of the court were in accord with the evidence introduced. One of the plaintiffs testified that a fence having its lowest wire twenty-two inches from the ground would not have prevented the hogs from passing under it. The judgment of the court must be affirmed. Section 2, chapter 40, Comp. Laws of 1885, provides that in a lawful fence the bottom rail, board or plank shall not be more than two feet from the ground. Sec. 4a, referring to barb-wire fences, provides that the bottom wire shall not be more than twenty-four inches from the ground, nor less than eighteen inches. It was found by the court that a lawful fence would not have been any protection against the hogs passing onto the track. To be sure, at the particular place where they did pass under it was not a lawful fence; but that is immaterial, because if the fence had been a lawful one the hogs would have passed under it just as readily. In *A. T. & S. F. Rld. Co. v. Yates*, 21 Kas. 613, Chief Justice HORTON, speaking for the court, says:

"The railroad company in any event was only bound to build a fence through the inclosure of Yates with the bottom rail, board or plank not more than two feet from the ground. (Laws of 1873, ch. 88, §1.) Such a fence would not have prevented the hogs killed from being on the road. Indeed, the fence thus constructed, and being within all the requirements of the law a good and lawful fence, would have in no respect been of any benefit to the proprietor of the land so far as keeping his hogs from the track. Then if such a fence was useless and unnecessary so far as this case is concerned, can it be logically said that the company ought to have built a fence, or that from its failure to construct a fence which would not keep the animals killed from going upon the road, it was liable under the law of 1874? We answer 'No.' The building of a dozen or any other number of fences of the character required by law . . . would have afforded no protection to the defendant in error, and he has no serious complaint of their absence. As a lawful fence would not have prevented the injury, and would not have protected the railroad from the swine, so no obligation existed to erect it."

(See also *K. C. Ft. S. & G. Rld. Co. v. McHenry*, 24 Kas.

501; *L. T. & S. W. Rld. Co. v. Forbes*, 37 id. 445; *A. T. & S. F. Rld. Co. v. Shaft*, 33 id. 521.)

*Mo. Pac. Rld. Co. v. Bradshaw*, 33 Kas. 533, is not in conflict with these authorities, nor the opinion in this case. It is there held that if the owner of the animals killed showed that the railroad was not inclosed with a lawful fence, then the burden of proof was upon the railroad company to prove that a lawful fence would not have prevented the animals from straying upon the track of defendant.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.