[No. 1073, February 25, 1905.]

## THE PECOS VALLEY & NORTHEASTERN RY. CO., Appellant, v. JOSEPHINE CAZIER, Appellee.

### SYLLABUS.

1.  An action for damages against a railroad company for the killing of stock by its trains, cars or locomotives, in this Terrtory, is based upon the negligence of the company or its employees, agents or servants in the operation of such trains, and the question of such negligence is one of fact for the jury.

2.  The common law rule, as to the liability of railroad companies for injury to stock, applies in this Territory, except in so far as it has been modified by a statutory enactment and judicial determination as to its applicability to existing conditions.

3.  Sections 241-242, Comp. Laws, 1897, as amended by Chap. 56, Laws 1901, requiring railroad companies to fence their tracks and providing a procedure for the recovery of damages for animals killed and injured in cases where such fences were not so constructed and maintained, did not make a failure to construct such fences negligence per se, but only placed the burden of proof upon the defendant companies in such cases to show that such killing, injury or destruction was not the result of negligence on the part of such companies or its agents, in the management of its trains, cars or locomotives.

Appeal from the district court of Chaves county, before WILLIAM H. POPE, Associate Justice.  Affirmed.

W. C. REID, for appellant.

Under the statutes of New Mexico, where stock is killed or injured by the operation of a railroad company's trains, will negligence be imputed to the company by reason of mere failure to fence its right of way, or will negligence be imputed only as to the operation and management of its trains in such instances.

Sec. 241 C. L., 1897, as amended by Chap. 86, Laws of 1901; and Sec. 242 C. L., 1897, contain all the Statutory Law in New Mexico on the subject.

Under the common law railroads are not obliged to fence their tracks.

Boston & Albany R. R. Co. v. George P. Briggs, 7 Am. & Eng. R. R. Cases, 541; Rust v. Lane, 6 Mass. 90; Eames v. Salem and Lowell, R. R. 98 Mass. 560; Brown v. Coffin, 108 Mass. 175.

Where a new right is given by statute, and a specific penalty or relief prescribed for its violation, the remedy is confined to that given by the statute.

Savings Association of St. Louis v. O'Brien, 3 N. Y. Supp. 764; Town of Battleboro v. Silas, M. Wait. 44 Vt. 459.

80 N. Y. 441; see also The Baltimore and Susquehanna Railroad Company, v. Albert P. Woodruff, 4 Maryland, 242.

A. J. NISBET and J. L. JOHNSON, for appellee.

This suit turns entirely upon questions of fact, which are exclusively for a jury, and its findings are final.

Rhody v. Traveler's Insurance Co., 3 N. M. 543.

If there is evidence reasonably tending to support the verdict, on appeal after the trial court had opportunity to consider its weight, the Supreme Court will not interfere.

45 Mo. 22; 2 O. St. 44; 8 Ala. 606; 11 Ohio 459.

Erroneous instructions will not cause a reversal, if the verdict is clearly right on the evidence.

Lafayette & I. Ry. Co. v. Adams, 54 Ind. 76.

## STATEMENT OF FACTS.

The appellee, Josephine Cazier, is the owner of a farm in Chaves county, New Mexico, through which the appellant, the Pecos Valley and Northeastern Railroad Company after securing its rights of way constructed and is operating its railway. This farm is not within the limits of any city, town or village and there is no public crossing, at the point in question, so that said railroad was required to be properly fenced at this point, by the laws of the Territory, or subject itself to the liabilities contained in the statute for its failure so to do. On or about the 5th of June, 1903, employees of the company were engaged in building a fence on appellee's farm for the company, but certain openings were left at places other than public crossings.

On said date appellee's mare, while being pastured in the field through which appellant's railroad is so constructed and operated, entered upon the right of way and track of said railroad, presumably through one of the openings in said fence and was struck by one of appellant's trains and killed.

The engineer upon discovering that the animal was on the track sounded his whistle, and applied the brakes in an attempt to stop the train, but it being in the night, and the engineer being unable to see only about five hundred feet ahead could not stop the train in that distance.

## OPINION OF THE COURT.

MANN, J.—At common law, no recovery could be had for damages against the railroad company for the killing or maiming of animals by its trains or engines, unless it appeared that the employes and servants of the company were negligent in the operation of such trains. It was the duty of the company and its agents to use reasonable care to avoid such injuries, but a showing of reasonable care upon the part of the railroad company was a sufficient defense to the action. Eams

v. Salem, & Lowell Railroad, 98 Mass. 560; Brown v. Coffin, 108 Mass. 175.

This court has virtually applied the common law rule in this Territory, prior to the enactment of any legislation on the subject, in A., T. & S. F. R. R. Co. v. Walton, 3 N. M. 530.

The strict common law doctrine as it prevailed in England, that every man is compelled to keep his stock within an enclosure or upon his own land, was never applicable to this Territory where by long established custom, animals have been permitted to range at will upon the unenclosed and unoccupied lands of others without liability for trespass.

The modified rule applicable here is well stated in the leading case of Kerwhacker v. The C. C. & C. Railroad Co., 3 Ohio St. 172, which is that most frequently given by the text writers, is as follows:

"Where there is no law requiring the owners of the animals to restrain their incursions upon the unoccupied lands of others and no law requiring railroad companies to fence their tracks, the owners of animals suffering to run at large, take the risk of any accident and injuries which may happen to them while upon the railroad tracks, and the rights of the railroad company in respect to their incursions are not different from those of any other land owner. If the railroad company chooses to leave its track unfenced and animals stray upon it, it may drive them away without doing any unnecessary injury, but it cannot maintain an action for trespass against the owner of the animals. If while the animals are so straying upon the track, it injured them, through a want of ordinary care on the part of its servants, having due regard to the safety of the persons and property in their charge on the train, it must pay damages."

This rule, however, has been modified by Sections 241 to 242 Compiled Laws of 1897, as amended by Chapter 86, Laws of 1901, and upon the construction to be given these sections, depends the only question in this case. They read as follows:

"Section 241. Hereafter every railroad corporation whose lines of road, or any part thereof are open for use,

shall, within six months after the passage of this act, and every railroad company, formed or to be formed, but whose lines, are not now open for use, shall, within six months after the lines of such railroad or any part thereof are open, erect and thereafter maintain fences on the sides of their said railroad, or the part thereof so open for use, suitable and amply sufficient to prevent cattle, horses, sheep, mules, burros and hogs from getting on the said railroad, except at the crossing of public roads and highways, and within the limits of towns, cities and villages, and shall also construct where the same has not already been done, and hereafter maintain at all public road crossing, now existing or hereafter established, cattle guards suitable and sufficient to prevent cattle, horses, sheep, burros, mules and hogs, from getting into said railroad. If any railroad corporation shall fail to construct such fences and cattle guards as herein directed, each and every one of said railroad corporations so failing to comply with the directions of this act, shall be liable in damages in the manner and to the extent hereinafter limited and provided. Any railroad corporation which has so failed to fence its line, in addition to the penalties above described, shall be and hereby is required to post a notice in a conspicuous place upon its depot building, at the county seat of the county through which its line or lines may run over ninety (90) days, giving therein a full description of the brands and marks of every animal killed or damaged during the ninety days next preceding the posting of said notice.

"Sec. 242. Whenever any cattle, horses, sheep, mules, burros, or hogs shall be killed, injured or destroyed by any railroad company, operating a railroad in this Territory, or by its agents, trains, cars or locomotives, at any point on its lines of road, where, by law, such railroad is required to be fenced, and the owner of any such animal, so killed, injured or destroyed, shall make affidavit of his ownership and of the injury or destruction of said property, and of the value of the same or the amount of injury done thereto, and file the same with and give ninety days' notice in writing to any station agent, employed in the management of the business of such railroad com-

pany in the county where the killing, injury or destruction complained of shall have been committed, such killing, injury or destruction is hereby made *prima facie* evidence of the negligence on the part of such railroad company; and if such railroad company, at the expiration of said ninety days shall not have paid for the animal killed, the fair market value thereof, or if the animal has not been killed the actual amount of damage done by reason of the injury inflicted by such railroad company, upon suit brought for the recovery of damages for such killing, injury or destruction, shall be rendered against said railroad company for the actual value of the animal or for the damage inflicted, if the animal has not been killed, unless said company shall be able to overcome the presumption of negligence based upon the fact of the killing, injury or destruction was not the result of negligence on the part of the said railroad company, or its agents in the management of its trains, cars or locomotives."

The learned judge in his instruction to the jury gave the following:

"No. 7. If you believe from the evidence that the defendant at the time and place of the injury had on both sides of the railroad such a fence in existence as the law provides, the duty of the company ended with this compliance with the law, and it will in that event be your duty to find for the defendants. If on the other hand you find that at the time of this injury, and at the place mentioned in the testimony, the defendant did not have erected and in existence such a fence as I have mentioned, such omission is negligence as a matter of law, and if you so find, it will be your duty thereupon further to inquire whether such absence of a fence such as is required by law was the proximate and real cause of the killing of plaintiff's horse. If you find that this was the case, and further find that plaintiff or her agent did not by their negligence contribute to such killing, it is your duty to find for the plaintiff."

If it was the intention of the Legislature in enacting the above sections to make the neglect of the railroad companies in failing to construct and maintain fences, as therein provided, in itself sufficient negligence to enable

Railway Co. v. Cazier.

one whose stock is injured to recover damages regardless of the careful operation and management of trains by the employes of such companies, then the instruction given by the learned judge was correct, otherwise there was reversible error.

Numerous cases can be found that hold to the doctrine announced, but a careful examination of all the cases we have examined, depend upon the statutes requiring the railroads to build and maintain fences along their lines. It is well settled that states may, in the exercise of the police power, enact and enforce laws compelling railroads to construct and maintain such fences, and making such roads as neglect to comply with the statutory provisions responsible for all damages to stock by reason of non-compliance. Such statutes may be found in Missouri (Sec. 52, Revised Statutes) Illinois, (Chapter 114, Paragraph 68) Wisconsin, Kansas, Nebraska and many other states and in this jurisdiction the courts hold that proof of the ownership of the animal, its value, the fact that it was killed or injured by the railroad company's train, at a point where the statute required the railroad to be fenced, and the non-existence of such fence is sufficient to justify a recovery. But in California it was held under a statute somewhat similar to ours that a neglect to fence was merely *prima facie* evidence of negligence. McCoy v. C. P. R. R. Co., 40 Cal. 532.

A careful reading of our statute does not disclose an intention on the part of the Legislature to do more than to change a rule of evidence. Before the enactment of Sections 241-242, the burden of proof as to the negligence and careless operation of trains, cars and locomotives of the defendant company, rested upon the plaintiff. A., T. S. F. Ry. Co. v. Walton, *supra*.

The plain provisions of the statutes, cited merely shift the burden to the defendant company, in cases where the company fails to build and maintain the fences required by the statute. Section 241 makes it the duty of every company to construct and maintain such fences, and if that section stood alone it might be construed to mean that neglect to comply with its provisions would be such negligence as would be sufficient to maintain a recovery,

although the rule is laid down by many authorities that the violation of the statute or ordinance is merely a circumstance to be considered by the jury on the question of negligence. 21 Am. & Eng. Ency. of Law (2nd Ed.) 481; Hayes v. Mich. Cent. Ry. Co, 111 U S 128; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408

But Section 242, clearly points out that the effect of the violation of the preceding section is to shift the burden of proof to the defendant company, and the language used in the last clause of said section seems to conclusively establish that proof showing that the engines, cars and locomotives of the defendant railroad company were properly and prudently managed with due care and precaution, and with a reasonable effort to avert the injury, will be a complete defense to an action like the one at bar.

For the reasons given the cause is reversed and remanded, and it is so ordered.

William J. Mills, C. J., John R. McFie, A. J., Frank W. Parker, A. J., concur.

Pope, A. J., having heard the cause below did not participate in this decision, nor did Abbott, A. J., who did not hear the argument.