**GALEPPI BROS. Inc., v. BARTLETT.**

No. 9599.

Circuit Court of Appeals, Ninth Circuit.

June 3, 1941.

George M. Naus, Chauncey Tramutolo, and John Curry, all of San Francisco, Cal., and J. A. Pardee, of Susanville, Cal., for appellants.

Jesse H. Steinhart, John J. Goldberg, and S. A. Ladar, all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

This case arises from an automobile accident wherein appellee was operating an automobile and struck a cow belonging to appellants, was injured, and obtained a judgment for $5,000 and costs.

Appellee left Susanville, California, about 5 o'clock in the afternoon of October 4, 1935, and was driving his automobile south toward Reno, Nevada, on U. S. Highway No. 395. About 63 miles from Susanville, he went over a hill, and as he was going down the decline, the accident occurred. Appellee's speed was about 45 miles an hour until somewhere between 35 and 60 feet of the point where the accident occurred. Appellee testified that "suddenly my lights illuminated a dense cloud of dust, and I tried to apply my brakes,— which I did apply; and instantly I collided with the cow—the cow showed up; I could see the cow, as I got onto it, and instantly the accident happened". At that point, the highway is a "fill-in", the embankment being about 10 feet high.

The highway runs through open range country belonging to the United States. Cattle graze on the land, and at the time of the accident, the highway was not fenced to prevent cattle from getting on the highway. It was the custom in that country for cattle owners to permit their cattle to range at will unattended. A creek is west of the highway, and hilly country is east of the highway. It appeared in the testimony that cattle would stay near water during the day, and move to feeding grounds at night and that at the time when the accident happened, the best feeding grounds were higher in the hills. The cow struck by appellee was one of a group of cows owned by appellants, moving across the highway from the creek toward the hills. Appellee was familiar with the country near the point of accident, had seen cattle alongside the road, but had never seen cattle on the highway there at night. His headlights were on, but due to the decline, he could not see more than 35 to 60 feet just before occurrence of the accident.

The highway mentioned is one carrying a fairly heavy volume of traffic, and is

part of a highway running from Canada through Reno into Mexico. Appellants knew that the highway was well-travelled and that the cattle would cross and re-cross the highway.

Appellee, on October 3, 1936, brought this action to recover for the injuries sustained in the accident, alleging that the proximate cause of his injury was the negligence of appellants in the care, management and control of their cattle. Appellants alleged that appellee was contributorily negligent. The court below found that appellants were negligent in the care, management and control of their cattle, that appellee's injuries were sustained as a result of appellants' negligence, and that appellee was not negligent.

Appellants contend that the evidence is insufficient to support findings that (1) they were negligent; and (2) that appellee was not negligent.

*First.* Appellants' argument on the first point is that in order to constitute actionable negligence, there must exist a duty on the part of the defendant, a violation of such duty, resulting in an injury to the plaintiff; that the common law did not make it the duty of an occupier of land to keep his animals off the land; that such law has not been changed in California; and until changed by the legislature no duty can be found.

Civil Code of Calif. § 1714 provides in part: "Everyone is responsible * * * for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person .* * "

Calif. Agricultural Code, § 423, St. 1933, p. 129, as amended by St.1935, p. 951, provides in part: " * * * In any civil action brought by the owner, driver or occupant of a motor vehicle * * * for damages caused by collision between any motor vehicle and any domestic animal or animals on a highway, there is no presumption or inference that such collision was due to negligence on behalf of the owner or the person in possession of such livestock."

We believe appellants' contention cannot be sustained. We may assume that at common law appellants were under no duty to keep their cattle off the highway (2 Am.Jur. § 60, p. 738) but it does not follow that such common-law rule controls in California today. That there are common sense limitations on the application of such rules is shown by 5 Cal.Jur. 257, § 4, as follows: "While the rules of the common law are the basis of our jurisprudence, where our laws are silent, this means, and can only mean, that those rules will be recognized and adopted where they meet the conditions existing in the state, and will not be allowed to control where the conditions were those never contemplated by the common law * * *".

After pointing out that the common-law principles of riparian rights and surface drainage have been rejected in California, it is said: "These holdings are based on the maxim which the common law itself defends and which has been adopted by the code in the provision that 'when the reason of a rule ceases, so should the rule itself'."

The common-law rule was adopted when there was no elaborate system of highways and no motor vehicles. There was then no such reason for imposing on cattle owners a duty of using ordinary care in the care and control of cattle. Now, however, the changed conditions compel adoption of a different rule. There is no reason for exempting cattle owners from the same duty applicable to other people to use "ordinary care or skill in the management of [their] property". Civil Code § 1714. The precise question has not been decided by any of the appellate courts in California.

We hold, in the absence of a contrary decision from the California appellate courts, that the contention that appellants had no duty to keep their cattle off the highway under the circumstances disclosed here, is not well taken.

The Agricultural Code provision (§ 423) only abolishes the effect of the doctrine of res ipsa loquitur to such a case as is here presented. Anderson v. I. M. Jameson Corp., 7 Cal.2d 60, 59 P.2d 962. Appellants also cite other statutes of California and the Taylor Grazing Act, 43 U.S.C.A. §§ 315–315n, 1171, but none of them bears on the question presented.

*Second.* On the issue of contributory negligence, appellants quote some statutes to uphold their contention (§§ 510, 511 of Calif. Vehicle Code, St.1935, p. 176), but since the latter section does not apply to civil actions and § 510 merely states a general rule of care, it is unnecessary to consider them. Westberg v. Willde, 14 Cal.2d 360, 94 P.2d 590.

Appellants contend that appellee knew of the dangers present and that he was therefore driving at such an excessive speed that he did not have his automobile under control. Appellants rely on Falasco v. Hulen, 6 Cal.App.2d 224, 44 P.2d 469, and Ex Parte Moseley, 6 Cal.App.2d 654, 45 P.2d 241, but those cases are distinguishable on their facts. Although not identical, we think the facts here are more nearly like those presented in Anderson v. I. M. Jameson Corp., supra, and that under such case the ruling of the court below was right.

Affirmed.