Merrimack,
July 6, 1948. } No. 3747.

WILFRED B. HOWLAND *v.* CHARLES CRESSY.

CHARLES CRESSY *v.* WILLIAM B. HOWLAND.

*George P. Cofran* and *Thomas E. Flynn, Jr.* (*Mr. Flynn* orally), for Howland.

*Willoughby A. Colby* (by brief and orally), for Cressy.

BLANDIN, J. The defendant's exceptions are overruled. There was ample evidence to justify the verdicts rendered by the Court and it does not appear that they were the result of any error in the proceedings. The defendant claims that there was error in the finding that he made no attempt to examine or repair the fence on the evening the cow escaped. The answer to this is that there was evidence that no repairs were made at that time and that due care required that they be made. The Court was at liberty to disbelieve the defendant's testimony that he examined the fence, and therefore from this and the surrounding circumstances the finding was warranted. But if it may be assumed erroneous it does not avail the defendant. If he examined the fence and found it defective, as the Court had a right to

believe it was, he was all the more negligent for failing to repair it and hence the error if any was immaterial.

The defendant also excepted to the finding that the cow had escaped an hour before the accident. There was evidence of an admission by the defendant that he had "just put that damn cow back about an hour before." No reason appears why the Court was not at liberty to believe this regardless of conflicting testimony and believing it to consider it on the question of the defendant's care. The defendant also contends there was error in excluding testimony that a neighbor's dog had been seen in the pasture during the week before the cow was killed "aggravating the cattle." Evidence was admitted that immediately after the accident Cressy saw the dog in the pasture running around and that the cattle some distance away appeared scared. He was allowed to give his opinion in substance that the dog was the cause of the black cow's escape from the pasture on the night of the accident. It seems that evidence as to the happenings during the week before was properly excluded on the ground of remoteness, which is for the Presiding Justice (*Hunt* v. *Company*, 94 N. H. 421, 424, and cases cited) and also as being in effect cumulative. *Hackett* v. *Railroad*, 89 N. H. 514, 519.

Lastly, the defendant claims that there should be no liability in this state as a matter of law for damages resulting from a failure to use reasonable care in keeping a suitable fence to prevent the escape of cattle. Whatever support this doctrine may have elsewhere it has none here, nor we believe among the better authorities in general. *Blaisdell* v. *Stone*, 60 N. H. 507, and cases cited; *Kennett* v. *Durgin*, 59 N. H. 560, and cases cited; Restatement, Torts, *s.* 518 (1); 3 C. J. S. Animals, *ss.* 145, 149. Our fundamental rule, that everyone is bound to use ordinary care to prevent injury to others, seems particularly applicable to this case in view of modern travel conditions.

*Judgment on the verdicts*

All concurred.