408 P.2d 756

**Earl GRUBB, Plaintiff-Appellant,**

**v.**

**Donald Eugene WOLFE, Defendant-Appellee.**

**No. 7728.**

Supreme Court of New Mexico.

Dec. 13, 1965.

Robertson & Reynolds, Silver City, for appellant.

LaFel E. Oman, Garnett R. Burks, Jr., Las Cruces, for appellee.

MOISE, Justice.

Plaintiff-appellant appeals from a judgment denying him damages because of the loss of a bull calf which occurred when the calf was struck and killed by an automobile driven by defendant-appellee.

It appears that State Highway 90, between Lordsburg and Silver City passes through a portion of the Gila National Forest. The highway is black-topped and unfenced. On September 20, 1963, at about 4:30 p. m., defendant, accompanied by three companions, was traveling in a northerly direction along said highway. About six-tenths of a mile after passing a highway sign stating "Stock on Highway" the car of defendant struck the bull calf as it was crossing the highway. At the point of the accident, the road was built on a fill with rather steep slopes into the borrow ditch on either side of the black top and there was a considerable growth of vegetation and weeds at the side of the road. It was defendant's testimony that the calf ran suddenly onto the highway in front of his car at a point so close to him that it was impossible to avoid striking the animal. At the time, defendant states he was driving at a speed of 60 to 65 miles per hour. The speed limit was .70 miles per hour. Upon striking the calf, defendant's car left the highway and came to rest in a canyon to the side of the highway. The car was seriously damaged.

Plaintiff, owner of the calf, had a forest grazing permit for livestock in the area where the calf was killed, and had run cattle there for some five years during which period he had lost six or seven other animals by having them struck by automobiles.

Trial was had to a jury which returned a verdict for defendant. Plaintiff relies on four points, all of which are addressed to claimed errors of the court in the instructions given and refused.

Plaintiff, in Point I, directs attention to the fact that defendant knew the highway, knew that cattle grazed in the area and crossed back and forth across the road, had seen the sign "Stock on Highway," and saw the animal that he struck some distance before the collision, but drove in such a manner as to strike and kill it. It is plaintiff's position that negligence is thereby established and that an instruction on unavoidable accident was not proper. He relies entirely on Horrocks v. Rounds, 70 N. M. 73, 370 P.2d 799. We do not see anything in that holding which supports his position. The evidence to which he points might have established negligence but, on the other hand, it might have been determined that it did not, and that defendant

was free from negligence. If, so, and if plaintiff likewise was not negligent as he asserts, the instruction would be proper. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640. The proper test is whether there is any evidence from which the jury could possibly conclude that the accident occurred without the negligence of anyone being the proximate cause. Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362. For other cases on the subject, in addition to those cited above, see Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028. See, also, Shelton v. Rudd (Mo.App.1922) 242 S.W. 151; Rivers v. Pierce, 106 Colo. 236, 103 P.2d 690; Pickett v. Travelers Ins. Co. (La.App.1961) 127 So. 2d 547.

The remaining points advanced by plaintiff for reversal are directed at the instructions given and the refusal of tendered instructions. The issue involved is the duty, if any, owed by plaintiff to protect his cattle from injury. Stated otherwise, did the court err in submitting an issue of contributory negligence to the jury?

█ It is plaintiff's position that he had a permit to run his cattle on the forest lands which he describes as "open range." We assume that by this he means there were no fences between the grazing area and the highway and no law requiring any. He points to legislation providing for creation of herd law districts (§§ 47–13–1 through 47–13–12, N.M.S.A.1953) and concludes that since the forest area was not in a herd law district, he had no duty to protect his cattle from injury or death on the highway. We do not agree. Although the herd law district legislation places certain responsibilities upon owners of livestock in herd law districts, and by § 47–13–11, N.M.S.A. 1953, makes it a misdemeanor to permit livestock to run at large on a public road in a herd law district, we do not think it follows that no duty exists concerning protection of livestock absent such a district. Rather, we understand the law to require an owner of livestock to use due care to protect his property from injury.

New Mexico, as part of the western United States, has always been principally a rural area where most of the land is devoted to the raising of livestock. It is not surprising therefore that at an early date, this court announced that in this state, as in most of the other western states, the rule requiring the owner of domestic animals to confine them on his own grounds or be liable for their trespass on the unenclosed lands of his neighbors, was not recognized. Rather, it was held that the owner of livestock could permit his animals, when not dangerous, to run at large without responsibility for their getting on the property of his neighbor. Hill v. Winkler, 21 N.M. 5, 151 P. 1014. This accorded with the holding of our Territorial Supreme Court in Pecos Val. & N. E. Railway Company v.

Cazier, 13 N.M. 131, 79 P. 714, and Sears v. Fewson, 15 N.M. 132, 103 P. 268.

Later in Carnes v. Withers, 38 N.M. 441, 34 P.2d 1092, it was decided that, except in herd law districts, an owner of livestock is under no obligation to fence to prevent his cattle from trespassing, and the owner is not liable for damage done by his trespassing animals if it is not shown that the trespass was willful.

■ What we must here determine is whether the early day "open range" rule which relieved an owner of livestock from any duty to keep his animals off a public highway still prevails. Herd district laws constitute an encroachment on the unrestricted right of an owner to let his stock run at large. We have had such a law since 1909. Scarborough v. Wooten, 23 N. M. 616, 170 P. 743. Does the unrestricted right remain otherwise unlimited? We think not. Time and progress have forged the change. While we are still primarily a livestock raising state, our ranches are now criss-crossed with highways carrying many cars and many people at high speeds. Considerations of public health and safety demand that no different rule apply when an owner permits his livestock to cross and re-cross a busy road from that which applies if he himself were crossing and re-crossing on horseback or in a wagon or automobile. In either event, his conduct must be that of a reasonable and prudent person. That this is true was recognized in the case of Galeppi Bros., Inc. v. Bartlett (C.A.9, 1941) 120 F.2d 208, which arose in California. In the later case of Jackson v. Hardy, 70 Cal.App. 2d 6, 160 P.2d 161, the rule was recognized. We quote from that case (160 P.2d 165):

"That the judgment can rest solely upon the proof offered in support of the general allegation of negligence appears from the decision in Galeppi Bros. v. Bartlett, 9 Cir., 1941, 120 F.2d 208. That was a case involving a collision between an automobile and a cow on a California highway. The cattle owners argued that since the accident occurred on an unfenced highway they were under no duty to keep their cattle off the highway because the common law made no such requirement, that such law had not been changed in California and until changed by the legislature no duty could be found. To that argument the court replied (120 F.2d at page 210); 'The common-law rule was adopted when there was no elaborate system of highways and no motor vehicles. There was then no such reason for imposing on cattle owners a duty of using ordinary care in the care and control of cattle. Now, however, the changed conditions compel adoption of a different rule. There is no reason for exempting cattle owners from the same duty applicable to other people to use "ordinary care or skill in the

management of (their) property." Civil Code, § 1714. * * *' It clearly appears from this decision that a cattle owner who negligently fails to keep his cattle from straying upon a highway may be held liable in a civil action for damages arising from a collision with his livestock, even at a point where the highway is unfenced, in open range country."

Also see cases cited in Note in 59 A.L.R.2d 1328.

 The foregoing authorities establish that the owner of livestock has a duty to care for his property as a reasonable man, and that he may be liable for injuries to motorists resulting from collisions with his animals due to his negligence in permitting them to be on the highway. We can see no escape from a conclusion that the same duty of due care to protect a person's animals would prevent recovery for loss or injury to animals not treated with the attention and heed which a reasonable and prudent person would accord them. See Round v. Burns, 77 R.I. 135, 74 A.2d 861, 20 A.L.R.2d 1048, and cases in note in 20 A.L.R.2d 1053, 1071.

Plaintiff places his entire reliance on Kendall v. Curl, 222 Or. 329, 353 P.2d 227. That was a case where plaintiff was denied recovery for injuries resulting from a collision with a horse of defendant which suddenly ran onto the highway being traveled by plaintiff in his automobile. The highway was unfenced and the place of the collision was not in a livestock district. As a matter of fact, the state legislature, only a short time before the accident, had by statute declared the county in which the accident occurred not to be in a livestock district. The Oregon Supreme Court determined that in the light of the history of the livestock district law, wherein the legislature had removed the county from its operation, the effect was to eliminate any duty on the part of the horse owner to protect the horse and consequently there could be no finding of negligence. The court, in its opinion, recognized the trend in the cases as set forth above and as announced in 59 A.L.R.2d 1328, but felt that it was not free to follow these authorities because "the legislature has said that stock may range at large on the highways of Umatilla County." Also see Parker v. Reter, 234 Or. 544, 383 P.2d 93.

 We do not consider that we are similarly restrained. Our herd law district statute is one which may be described as a local option law. We do not consider that by adoption of the herd law district act, the legislature in any sense determined that where no herd law district had been established the owners of livestock were under no duty to protect their livestock or keep them off the highways. In this distinction lies the major differentiating characteris-

tic between our herd law district legislation and that of Oregon considered in Kendall v. Curl, supra. Our legislature has not adopted any statute fixing the duty of the owners of livestock in the circumstances here present. We are accordingly free to follow those cases which announce a rule which we consider compatible with reason and our present day needs and circumstances.

We are impressed with the correctness of the following which we quote from Wright v. Shedd, 122 Vt. 475, 177 A.2d 240, 242:

" * * * Under modern traffic conditions the peril to persons lawfully traveling the public thoroughfares by motor vehicle is substantially aggravated and entirely obvious. In consequence, the owner or keeper of livestock capable of doing harm from this source of danger owes a duty of reasonable care to prevent them from wandering unrestrained on the public way. This is consistent with general considerations of tort liability. Bender v. Welsh, 344 Pa. 392, 25 A.2d 182, Howland v. Cressy, 95 N.H. 205, 60 A.2d 128, Corey v. Smith, 233 Ind. 452, 120 N.E.2d 410, 412; Restatement, Torts, § 518(1); 2 C.J.S. Animals §§ 145, 149; 2 Am.Jur. § 60 (cum. pocket supp.);

and for a recent collection of cases, see 59 A.L.R.2d 1333."

It is accordingly our considered judgment that the court did not err in instructing that plaintiff had a duty to use ordinary care for the safety of his property.

It follows as a matter of course that the court properly refused tendered instructions when those given informed the jury of the correct rule applicable in the case. Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671; Lujan v. McCuistion, 55 N.M. 275, 232 P.2d 478.

Neither did the court err in giving other instructions objected to by plaintiff. They did no more than define negligence, proximate cause and contributory negligence, and explained the application of these terms. When the instructions are considered in their entirety we see no error therein. Nor do we consider that the jury could have been misled thereby. Nothing more is required. McFatridge v. Harlem Globe Trotters, 69 N.M. 271, 365 P.2d 918, 89 A.L.R.2d 1154.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.