REHLER *v.* WESTERN NEW YORK & P. R. CO.

(*Supreme Court, General Term, Fifth Department.* December 30, 1889.)

NEGLIGENCE—DANGEROUS PREMISES—BARBED-WIRE FENCE.

　　In an action against a railroad company for injuries to plaintiff's colts by a barbed-wire fence which inclosed defendant's road, the court properly submitted to the jury whether a barbed-wire fence was such a source of danger to plaintiff's colts running in a field adjoining defendant's road as to be a nuisance; and whether defendant was guilty of negligence in erecting such fence, or in suffering it to become out of repair; and whether the injury complained of was the result of negligence; and also whether plaintiff was guilty of contributory negligence in permitting his colts to run in the field.

Appeal from Cattaraugus county court.

Action by Michael Rehler against the Western New York & Pennsylvania Railroad Company, for injuries to plaintiff's colts. From a judgment of the county court of Cattaraugus county defendant appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Frank Rumsey,* for appellant. *J. A. Corbin,* for respondent.

DWIGHT, J. The action was for damages resulting from an injury to several colts of the plaintiff, caused by a barbed-wire fence maintained by the defendant on the line of its road. The plaintiff was a farmer. His field was separated from the railroad land by the field of an adjoining farmer, but, the fence between the two fields having been burned, the two farmers agreed to pasture the two fields in common. The defendant's barbed-wire fence separated the field thus used in common from the defendant's road. The colts were running in the common pasture on the evening before the injury was received. The next morning they were found in the plaintiff's portion of the field, badly cut and torn, and the barbs of the wire fence gave plain indication that the animals had been in contact with them on both sides of the fence. There was a farm crossing of the railroad near the place where the colts were injured, to which access was had from the pasture by a gate or bars in the wire fence. The evidence tended to show that the gate was closed on the night of the injury, and the jury was instructed that, if the animals escaped through the gate, and were injured on the outside of the fence, the plaintiff could not recover. There was evidence that the wire fence was out of repair, and partially down, near the gate, and evidence which tended to show that the animals had been entangled in the barbed wire at that portion of the fence, and had escaped onto the railroad land, and re-entered the field at that point. They were not seen outside of the fence on that night, nor did anybody witness the accident, so that the question where they were injured was necessarily to be inferred mainly from the appearances furnished by the fence itself and its surroundings. The court submitted to the jury whether the fence itself was of a dangerous and vicious character, and one likely, and "reasonably certain" to injure animals running upon land adjacent to it, and was therefore a nuisance; and whether the defendant was guilty of negligence

in erecting and maintaining such a fence, or in suffering it to be and remain out of repair; and whether the injury complained of resulted from negligence in either of these respects; also, whether the plaintiff was guilty of negligence in permitting his animals to run in a field which was inclosed by such a fence; with proper instructions as to the legal effect of such negligence on the part of the defendant, on the one hand, and of the plaintiff, on the other hand. The jury found for the plaintiff for the amount agreed upon as measuring the damages sustained by him.

The defendant's appeal is based upon exceptions to the denial of its motion for a nonsuit, and to the charge of the court and refusal to charge as requested. We do not think the exceptions point to any error which vitiates the judgment. The defendant had no right to erect a fence on its line which was a source of danger, and a probable cause of injury, to the plaintiff's cattle running in the adjoining field; and it was a fair question for the jury to determine whether the fence in question was of that character. It was also a proper question for the jury whether the defendant was guilty of negligence in suffering the fence to fall into and remain in disrepair, and whether negligence in that respect was one of the causes of the injury done to the plaintiff's colts.

On the question of contributory negligence on the part of the plaintiff, the instruction of the court was as favorable to the defendant as it was entitled to ask for. In respect to the denial of a recovery to the plaintiff if the jury should find that the animals escaped onto the defendant's land, and were injured by contact with the fence from the outside, without inquiring whether the plaintiff was responsible for the gates being open or unfastened, it may well be questioned whether the charge was not unjust to the plaintiff rather than to the defendant. If the fence was a nuisance in itself, and the cattle came in contact with it, and received their injury, and the plaintiff was chargeable with no fault or negligence which conduced to the accident, it probably would make no difference where or on which side of the fence the accident occurred. But certainly the defendant had no cause to complain of the charge in this respect. A railroad company cannot, by neglect to erect a suitable and sufficient fence, deprive the owner of adjoining land of the reasonable use of his land for pasturage or other purposes. It cannot do so by neglecting to erect any fence at all, nor by suffering its fence to fall into disrepair; nor, by the same reasoning, by erecting a fence which is a menace of danger to cattle pastured on adjoining land. If the railroad company neglects or violates its duty in either of these respects, the adjoining proprietor may, nevertheless, make a reasonable use of his own land, and at the risk of the railroad company, and not at his own. *Rowland* v. *Baird*, 18 Abb. N. C. 256; *Roney* v. *Aldrich*, 44 Hun, 320; *Purdy* v. *Railroad Co.*, 61 N. Y. 353. These were the principles which were applied by the charge of the court in this case, and none of the exceptions to it, nor requests to add to it, were well founded. The judgment should be affirmed. All concur. So ordered, with costs.