THE MISSOURI PACIFIC RAILWAY COMPANY v. JOHN B. BAXTER.

1. KILLING STOCK — *Prima Facie Case against Railroad Company.* Whenever it is shown that a railroad has not been fenced, and that an animal has passed upon the track and been killed or injured, a *prima facie* case has been made out against the company. (*Mo. Pac. Rly. Co. v. Bradshaw*, 33 Kas., cited and followed.)

2. TRACK *to be Fenced.* The laws of this state impose an obligation upon railroad companies to fence their tracks against all animals against which a good and lawful fence would be a protection.

3. FENCES—*Two Kinds.* The fence law makes a distinction as to animals and lawful fences. Where hogs are permitted to run at large, a certain fence is a lawful one; where they are not allowed to run at large, another standard is adopted.

*Error from Dickinson District Court.*

THE opinion states the case.

*Stambaugh, Hurd & Dewey,* and *Waggener, Martin & Orr,* for plaintiff in error.

*J. H. Mahan,* for defendant in error.

Opinion by SIMPSON, C.: Baxter commenced this action before a justice of the peace in Dickinson county, to recover from the railway company for killing and injuring certain sheep belonging to him. The case was tried before the justice, and then appealed to the district court. A trial was had before a jury at the October term, 1887, and a verdict and judgment rendered in favor of the defendant in error for $90 damages and $33 attorney fees. At the trial in the district court it was shown that Baxter kept about three hundred and twenty sheep in a large pasture, through which the track of

the defendant's road was located.   This pasture was in one enclosure, and fenced with a barb-wire fence, sheep-tight. The fence consisted of five wires, stretched tightly from post to post, the posts being two rods apart.   The top wire is about four feet from the ground; there is a space of fifteen inches between the first and second wires; a space of ten inches between the second and third wires; and a space of about nine inches between the third and fourth wires; and a space of from five to seven inches between the fourth and fifth wires, the latter wire being about four inches from the ground.   The railroad track running through the pasture was not fenced. On the 10th day of April, 1887, twelve sheep were killed and seventeen injured by the engine and cars of the railroad company.   These were all killed or injured in the pasture.   The negligence of the railroad company consisted of the fact that it had neglected to fence its track.   When the plaintiff below rested his case, the attorneys for the railroad company demurred to his evidence, and the overruling of this demurrer is their first assignment of error.   The theory of the demurrer was, that if the railroad company had enclosed its track with a fence composed of posts and three wires, it would not have prevented the sheep from going onto the railroad track.   All the law requires of a railroad company, to escape the charge of negligence, is the construction of a lawful fence; if such a fence, as a matter of fact, would not prevent the sheep from getting on the railroad track, yet the compliance of the company with the statutory requirement would relieve it from all damages.   The law declares the material, height and construction of a lawful fence.   Its function is to secure the growing crops, the grass and the live stock of the land-owner from injury and damage.   As a matter of legal presumption, a lawful fence is amply sufficient to protect the track from the invasion of live stock and trespassing animals.   The defendant in error, on cross-examination, virtually admitted that a fence whose lower wire was two feet from the ground would not be a protection to all the sheep; that some could pass under the lower wire of such a fence.

The railroad stock law of 1874 imposes an obligation upon railroad companies to·fence their tracks against all animals against which a good and lawful fence would be a protection. (*Mo. Pac. Rly. Co. v. Roads*, 33 Kas. 640; *Mo. Pac. Rly. Co. v. Bradshaw*, 33 id. 533.) Whenever it is shown that a railroad has not·been fenced, and that an animal has passed upon the track and been killed, a *prima facie* case has been made out against the railroad company. (*Mo. Pac Rly. Co. v. Bradshaw*, 33 id. 533.) How legal fences are to be constructed is plainly set forth in chapter 40, General Statutes of 1889. The contention in favor of the demurrer to the evidence in this case assumes that a post-and-wire fence,·such as is described in ¶ 3062 of the General Statutes, is the fence that a railroad company is obligated to build, whereas the law requires such a fence as will keep all animals off of the track. There was no showing as to whether hogs were permitted to run at large in the township in which the pasture was situated, and we think it was incumbent upon the railroad company to show affirmatively what would have been a legal fence in that township, and that such a fence, if built, would not have kept the sheep away from the track, in order to escape liability. There was no error in overruling the demurrer to the evidence. Exceptions were taken to certain instructions given by the court, but the brief only criticises the seventh. It says:

"It is not a question of negligence; the question is, Did they have their railway fenced? if they did not, and if they killed this man's sheep on his premises, and failed and neglected to fence their right-of-way as it ran through his pasture, then they are liable to pay him the full value of the animals killed or injured."

It being incumbent upon the railroad company to show a lawful fence, or, if it had a lawful fence, that it would not have kept the sheep off the track, and no such showing having been made, the instruction is not error.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.