(January 27, 1899.)

## PATRIE v. OREGON SHORT LINE RAILROAD CO.

### [56 Pac. 82.]

RAILROADS—FENCING TRACKS.—Under the provisions of section 2679
of the Revised Statutes, railroad corporations must make and
maintain a good and sufficient fence on both sides of its track
where the line passes through private land.

SAME—STOCK KILLED.—If it fails to do so, it is liable for stock killed
at the point where it is required to fence its track.

SAME—LIABILITY OF RAILROAD—STALLION RUNNING AT LARGE.—Under
the provisions of section 1240 of the Revised Statutes, and act
amendatory thereof (Sess. Laws 1891, p. 48), a stallion that
escaped from its owner without his fault, and is killed by a rail-
road, at a point where the company is required by law to fence
its track, and has not done so, is liable to the owner for the value
of the stallion.

(Syllabus by the court.)

APPEAL from District Court, Fremont County.

P. L. Williams and Joseph H. Blair, for Appellant.

Under the evidence and peculiar circumstances of this case,
as shown by the evidence, it is as reasonable to infer, or be-
lieve, that the horse had gone upon the right of way anywhere

along the right of way, outside of plaintiff's land, as from it; and further, as a matter of law, as the plaintiff himself had no fence on any side of his own land, there was no legal obligation or duty on the part of the defendant to have a fence on the side abutting plaintiff's land; that a fence, abutting a short piece of railroad track, without fences on any other side, would not prevent cattle or horses from going around at either end, at pleasure, and getting within the fence. The legislature expected a natural and sensible construction of section 2679 of the Revised Statutes; and we submit that such a construction does not require a railroad company to fence abutting lands, unless they are inclosed on the remaining sides. The meaning of our statute is that when we cut a man's land, which is inclosed and in actual use, in two, we shall fence those sides of it which abut our right of way; and when we only abut one side, then we are to fence on that side only. It is not the fencing of our right of way where it is contiguous to the individual whose land, lying there, is elsewhere inclosed, merely; but it is the fencing of his stock on, to his own land as well, and also. We are required to fence there for his benefit. And the penalty for failure is the payment for his stock killed by reason of such failure to do what the statute requires. (1 Thornton on Railroad Fences and Private Crossings, Including Injuries to Animals on the Right of Way, sec. 43; Pierce on Railroads, 401.) Redfield lays down the same rule in his work on the Law of Railways, sixth edition, volume 1, page 507 et seq. (2 Rorer on Railroads, 1380; *Jackson v. Rutland etc. R. R. Co.,* 25 Vt. 150, 60 Am. Dec. 246.) It is not the law that the mere killing of a domestic animal by a railroad train is evidence of negligence. This question has frequently been before the courts and invariably ruled against the plaintiff, except where the general rule of law is abrogated by positive statute. (*Scott v. Wilmington etc. R. R. Co.,* 4 Jones, 432; *Indianapolis etc. R. R. v. Means,* 14 Ind. 30; *Illinois Cent. R. R. v. Reedy,* 17 Ill. 580; *Chicago etc. R. R. Co. v. Patchin,* 16 Ill. 198, 61 Am. Dec. 65. See, also, Pierce's American Railway Law, 357.) Whatever right this plaintiff, or the other owners along there had, or ever had, to a fence where his and their lands abut our right of way,

he and they have, by their conduct, entirely and absolutely waived. (*Enright v. San Francisco etc. R. R. Co.*, 33 Cal. 230.) "The question of negligence and contributory negligence," says Mr. Beach on Railways, section 696, "in actions for the killing of livestock turns largely upon the fence laws of the state, whether they require the owners of cattle to fence them in, or whether it is the duty of the company to fence them out. No recovery can be had if the owner has permitted them to run at large contrary to law." (Citing *Vanhorn v. Burlington etc. Ry. Co.*, 63 Iowa, 67, 18 N. W. 679; *Lyons v. Terre Haute etc. R. R. Co.*, 101 Ind. 419; *Carey v. Chicago etc. Ry. Co.*, 61 Wis. 71, 20 N. W. 648; and see Beach on Contributory Negligence, secs. 237, 238.)

E. E. Chalmers and S. C. Winters, for Respondent.

Section 2679 of the Revised Statutes of Idaho makes it the duty of railroad companies to make and maintain a good and sufficient fence on either or both sides of their track or property, whenever the line of their road at any time passes through or along or abuts upon, or is contiguous to, private property or inclosed land in the possession of another. Statutes of this kind and character are intended for the benefit not only of the adjoining owners, but for the public generally. (1 Rorer on Railroads, 639, 640, and cases cited; *Atchison etc. R. Co. v. Reesman*, 9 C. C. A. 20, 60 Fed. 370. These statutes are police regulations, and are intended for the benefit of the general public, and to this effect is the most unanimous weight of judicial authority. (3 Elliott on Railroads, sec. 1190; *Jackson v. St. Louis etc. R. Co.*, 43 Mo. App. 324.) The fencing of a railroad track required by the statute implies the construction and maintaining of sufficient cattle-guards at the end of fence and at railroad crossings. In some states it is imposed by express statutory provision, but where it is not so expressed by statutory provision, the same is implied from the statute requiring the company to fence. (3 Elliott on Railroads, sec. 1198, notes 3 and 4, and cases cited in notes; 1 Rorer on Railroads, 627, 628; *New Albany etc. R. Co. v. Pace.* 13 Ind. 411.) .

SULLIVAN, J.—This is an action to recover the value of five horses alleged to have been carelessly and negligently killed by the defendant railroad company. In addition to the allegation of the careless and negligent killing of 'said stock, the complaint alleges that the defendant had neglected and refused to make and maintain a fence along its right of way at the points where said horses were killed, as by law required, and that said horses casually, and without the fault of plaintiff, strayed upon the grounds and track of defendant, and were killed by the engine and cars of the defendant. The cause was tried by the court, with a jury, and a general verdict rendered in favor of the plaintiff for the value of said horses, to wit, $365. The jury was required to answer certain particular questions of fact submitted to them by the court, and under one of said questions the jury found that the engineers and persons in control of the trains by which said animals were killed were using reasonable and ordinary care in running said trains. This, it is conceded, disposed of the issue of the killing of said horses by the careless and negligent running of said trains. A motion for a new trial was made, and, before it was heard, the plaintiff, who is respondent here, made an offer in writing to remit from the judgment the value of the horse and mare killed near defendant's milepost No. 204½, thus reducing the judgment for damages to $320. The motion for a new trial was denied, and the appeal is from the order overruling the motion for a new trial, and from the judgment.

It appears that said horses were killed on three several days, and between mile posts Nos. 203 and 204½, on what is known as the "Utah and Northern Railway," north of Market Lake station, which station is situated on section 32, as per government survey. It also appears that the track of the defendant extends nearly due north from said station, and runs through sections 29, 20, and 17, as per government survey, and about two hundred yards east of a line passing north and south through the center of said sections. Said mile-post No. 203 is situated on the easterly side of said track, and near the north line or boundary of said section 29. Said mile-post No.

204½ stands near the northern boundary of said section 17, and at the east side of said track. The land on the east side of said track, and north from said Market Lake station, is open, uninclosed land, on which horses and other stock are free to range. The greater portions of said sections 29, 20, and 17 are owned by private parties, and those parts of said sections situated on the west side of said railroad track are inclosed with a fence. The defendant corporation has fenced its line of road and track on the west side from the south boundary of said section 29 to near the north boundary of said section 17, but has not fenced its track on the east side, where the same runs through said sections 29, 20, and 17. A Mrs. Neeb owns the south half of said section 17, and has that lying on the west side of said track fenced; Patrie, the plaintiff, owns the north half of said section 20, and has the part thereof lying on the west side of said track fenced; and other persons own the south half of said section 20, and have the part thereof lying on the west side of said track fenced. The horse killed on September 8, 1897, was killed near the south side of the north half of said section 20, and a little south of mile-post No. 203½; and the stallion killed November 3, 1897, was killed on the north half of said section 20, a little north of said mile-post No. 203½.

The controlling contention is whether, under the facts, the defendant is liable in damages because of its failure to fence its track at the points where said horses were killed. The provisions of the statute controlling this matter are found in section 2679 of the Revised Statutes, and are as follows: "Railroad corporations must make and maintain a good and sufficient fence on either or both sides of their track or property, wherever the line of their road at any time passes through or along, or abuts upon or is contiguous to private property or inclosed land in the actual possession of another." Counsel for appellant contend that the legislative intent in the enactment of said section 2679 was to require railroad corporations only to fence their roads whenever, on either side, the same are contiguous to private property which is inclosed, or to land which is not actually owned by the one who is using it, or

is in the actual possession thereof, and has it inclosed. It appears from the record that the defendant's track and right of way run through said sections 29, 20, and 17, which sections are owned by private persons; that the greater portions of said sections lying on the west side of said track are fenced, and in the possession of the owners. It also appears that the parts of said sections lying east of said track are not fenced, and stock range thereon without let or hindrance. It appears that the horses, for the value of which plaintiff obtained judgment, excluding the mare and horse which were eliminated from this case as above stated, were ranging, if not on the owner's land east of the track, on the uninclosed land of other private parties; that said stock casually strayed on said right of way by reason of said track not being fenced, and was killed. If the provisions of said section require the defendant corporation to fence its track wherever and whenever it runs through land owned by private persons, the judgment must be sustained. The intent of the legislature in enacting said section must be arrived at from a literal construction, if such construction would not result in an absurdity or inconsistency. The statute declares that a railroad corporation must make and maintain a good and sufficient fence, on either or both sides of their track or property, wherever the line of road passes through or along, or abuts upon or is contiguous to, private property or inclosed land in the actual possession of another. The record shows that said track passes through private property, and we think the statute, as applied to the facts of this case, is too clear to require any construction. To hold that it does not require the defendant corporation to fence its track except when and where a private person may fence his land, would be injecting language into said section that is not found there, and could not be put there by fair implication and reasonable construction. We think the record fairly shows that if the said track had been fenced where it passes through said sections 29, 20, and 17, said horses would not have been killed. It may be said that building a fence on the east side of said track where it passes through said private property would be no protection

to stock; that stock could pass around the ends of such fence and get upon the track. The fencing of a railroad track, when required by statute, where it passes through private property, as in this case, implies the construction of sufficient cattle-guards at the ends of such fences. (3 Elliott on Railroads, sec. 1198, and notes.) We think the record shows that said horses would not have been killed, where and when they were killed, if the defendant had maintained such a fence as the law requires.

It is contended by counsel for appellant that there is no proof that said horses came upon the track at a point where the company was required to fence. It is admitted that they were killed on the track at points where it was the duty to fence, and the presumption is, in the absence of proof, that the animals came upon the track at such point. (3 Elliott on Railroads, sec. 1214.)

It is contended that the stallion that was killed was running at large in violation of law, and for that reason the plaintiff is not entitled to recover his value. The jury found that said stallion was not running at large at the time he was killed, but had escaped from an inclosed pasture in which he had been kept. We think the finding of the jury is conclusive of the question of the stallion running at large.

The judgment of the court below must be sustained, with instructions to modify the judgment, if it has not already been done, by reducing said judgment to the sum of $320, for damages in accordance with plaintiff's written offer above referred to. Costs of this appeal are awarded to respondent.

Huston, C. J., and Quarles, J., concur.