## Chicago & Alton Railway Company v. George W. Nevitt.

1. FENCE—*duty of railroad company to.* It is the duty of a railroad company to keep its right-of-way sufficiently fenced, and its failure so to do renders it liable for cattle killed by reason of such failure.

Action commenced before justice of the peace. Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

PATTON & PATTON, for appellant; F. S. WINSTON, of counsel.

E. L. CHAPIN, for appellee.

Mr. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This suit was brought originally before a justice of the peace, to recover damages for the killing of a hog which escaped from the pasture of appellee through an alleged defective right-of-way fence of appellant, and was struck and killed by an engine of appellant, and for injuries to a mare of appellee which became entangled in a loose strand of barbed wire which was hanging on such right-of-way fence. Judgment was entered by the justice against the defendant for $157.50. An appeal was prosecuted to the Circuit Court, where the cause was tried by the court, without a jury. The court found the issues for the plaintiff and assessed the damages at $157.50, which included the value of both the hog and the mare. Judgment was entered upon such finding, to reverse which the defendant appeals.

The following statement of facts is conceded by appellee to be substantially correct : Appellee was in possession of a small pasture which adjoined the right-of-way of appellant, and had been in possession and use thereof for about two years. His residence was but a short distance from and adjoining the pasture. When he took possession of the farm, the fence between the pasture and the right-of-way, which had been originally a nine-wire barbed wire fence, stretched on posts sixteen feet apart, was in very bad repair, being loose from the posts and hanging down in the pasture. The hog got through the fence in April, was struck by an engine and killed. Appellee then complained verbally to some of the section men, who set three posts but failed to stretch or fasten up the loose wires. On July 26th, by reason of the loose wires, the mare got her foot over the seventh wire from the ground and was injured. The evidence further shows that appellee knew the fence was in bad repair, and that if the horses got into the wire they would get hurt, and that he also knew that the grass on the right-of-way was better than the grass in the pasture, and that he turned the mare into the pasture with this knowledge without making any endeavor to fix up the wires, although it would have cost but a trifle to so tack up and fasten them that there would have been no danger that horses would become entangled. The testimony shows that the mare was of the value of $150 and that she was so injured that she was practically worthless thereafter.

Appellant concedes its liability for the value of the hog, $7.50, but contends that under the evidence, appellee was guilty of such contributory negligence in turning his mare into the pasture, knowing that the fence was in a dangerous condition, that he cannot recover for the injury consequent upon such act.

It was clearly the duty of appellant, under the law, to keep up the fence in question so as not to injure others. The fence was in bad repair, of which the appellant had full notice.

It is manifest from the evidence that the injury to the

mare was the result of the neglect of appellant to do so. Notwithstanding appellee had equal knowledge with appellant as to the condition of the fence and of the danger to stock therefrom, we are not prepared to say that the finding of the court that he was not guilty of any contributory negligence in turning the mare into the pasture, was unwarranted.

As was held by this court in R. Co. v. McCord, 56 App. 173, appellee could not, solely because of appellant's negligence, be deprived of the use of the pasture for any length of time. It was not his duty, as contended, to have given notice under the statute, and thus have acquired the right, in case appellant neglected to do so within ten days, to repair the fence himself, and bring suit against appellant for the cost thereof. While he could have exercised such right, had he seen fit, he was not bound to do so.

The finding of the trial court was right, and the judgment will be affirmed.

*Affirmed.*