BLANKENSHIP, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals. Argued January 11; Opinion Filed, January 26, 1909.

1. **RAILROADS: Fencing Right of Way: Killing Stock.** In an action against a railroad company for damage for killing plaintiff's cow at a point on the road where defendant was required to fence its right of way, the railroad company could not defeat the action on the ground that the plaintiff prevented it from fencing the right of way at that point, where there was no evidence to show that it was the owner of the land along

the right of way where it proposed to run its fence, and where plaintiff claimed that the defendant was attempting to fence over its line.

2. ————: **Killing Stock: Venue.** In an action against a railroad company for damages for killing plaintiff's cow, the evidence is examined and held sufficient to warrant a finding that the action was brought in the township adjoining the one where the animal was killed.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*W. F. Evans* and *James Orchard* for appellant.

*Walker & Cox* for respondent.

REYNOLDS, P. J.—Action under section 1105, Revised Statutes 1899, for double damages for killing a cow at a point on the road of defendant where it was required to but had failed to fence its railroad on either side. There was a verdict for respondent, awarding him $15 damages and on his motion this was doubled. Defendant appeals, assigning as error that the respondent had himself prevented appellant from putting up fences along the line of its road and that there was no proof that the township in which the cow was killed was an adjoining township in Dunklin county to the township in that county in which the killing occurred.

In support of the first assignment it appears that plaintiff did prevent the employees of appellant from putting up fences where they proposed to do so, but it is also in evidence that plaintiff did this because he claimed that the line along which it was proposed to erect the fences was on his own land and outside of any right of way owned by appellant. Furthermore it appeared that plaintiff had himself run a wire fence

along what he claimed was the right of way of appellant. There was no evidence tending to show that appellant had or was owner of any right of way where it proposed to run its fence. This assignment of error is overruled.

The other assignment as to the location of the township is plausible, but a careful reading of the testimony satisfies us that this cannot be sustained. The trial was had in Dunklin county. When plaintiff was being examined, he was asked "this is Independence Township?" referring to the place where the trial was being held. He said "Yes," and that Holcomb township where the cow was killed was the next one adjoining this on the north. The jurors were of course citizens of Dunklin county and surely had some knowledge of the geography of their county. They are not supposed to discard and ignore this when sitting as jurors. The testimony was sufficient to warrant them in finding that the two townships were adjoining and in Dunklin county, which the court distinctly instructed them they must do to find for plaintiff. Furthermore it is distinctly shown in the record proper, as it must be (see State ex rel. v. Cunningham, 106 Mo. App. 60), that Holcomb and Independence are adjoining townships.

The judgment is affirmed, all concurring.