JOSEPH KIRN, Respondent, v. CAPE GIRARDEAU & CHESTER RAILROAD COMPANY, Appellants.

St. Louis Court of Appeals. Argued and Submitted June 8, 1910. Opinion Filed June 14, 1910.

1. RAILROADS: Killing Stock: Sufficiency of Petition: Pleading. In an action against a railroad company for killing plaintiff's cow, a petition averring that defendant, while running its locomotive and train over its railroad through adjoining unclosed land, at a point where by law it was required to erect and maintain a lawful fence, and not at a public crossing, nor within an incorporated city, town or village, did by said engine and train strike and injure plaintiff's cow, as a result of which injury she died, and that the cow went upon said railroad grounds by reason of defendant's failure and neglect to erect and maintain good and lawful fences on the side of the railroad, where said cow entered upon the same, was not subject to attack by demurrer or motion, and states facts which, if true, entitled plaintiff to recover.

2. ———: ———: Failure to Fence. Where a cow entered on a railroad track at a place where the railroad company was required to fence, but where no fence was maintained, and the cow was killed in the operation of the railroad, the railroad company was liable for its value.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Giboney Houck* and *Davis & Hardesty* for appellant.

(1) The petition is fatally defective. (a) It fails to charge defendant with a legal duty to maintain a fence at the point where the cow entered the right of way. Cecil v. Railroad, 47 Mo. 246; Nance v. Railroad, 79 Mo. 196; Hudgens v. Railroad, 79 Mo. 418; Clark v. Railroad, 79 Mo. 419; Asher v. Railroad, 79 Mo. 432; Manz v. Railroad, 87 Mo. 278; Ward v. Railroad, 91 Mo. 168; Wood v. Railroad, 39 Mo. App. 63; Moreland v. Railroad, 17 Mo. App. 77; McIntosh v. Railroad, 26 Mo. App. 377; Summers v. Railroad, 29 Mo. App. 41; Jones v. Railroad, 52 Mo. App. 381; Morrow v. Railroad, 82 Mo. 169; Schulte v. Railroad, 76 Mo. 324; Davis v. Railroad, 65 Mo. 441; Rowland v. Railroad, 73 Mo. 619; Cunningham v. Railroad, 70 Mo. 202. (b) It fails to allege that the injury was occasioned by a failure to maintain a fence anywhere, much less at a point where a fence was required by law. Luckie v. Railroad, 67 Mo. 245; Cunningham v. Railroad, 70 Mo. 202; Rowland v. Railroad, 73 Mo. 619; Morrow v. Railroad, 74 Mo. 82; Hudgens v. Railroad, 79 Mo. 418; Dryden v. Smith, 79 Mo. 525; Hudgens v. Railroad, 79 Mo. 218; Clark v. Railroad, 79 Mo. 419. (c) The statute being penal, great strictness is required both as to the allegations and proof. The defects above pointed out are fatal, and are not cured by the verdict. Even the decisions upholding the sufficiency of these statements filed before justices, will not support the sufficiency of this petition. Razor v. Railroad, 73 Mo. 471; Edwards v. Railroad, 74 Mo. 117; Williams v. Railroad, 74 Mo. 173; Bowen v. Railroad, 75 Mo. 426; Belcher v. Railroad, 75 Mo.

514; Kronski v. Railroad, 74 Mo. 362; Campbell v. Railroad, 78 Mo. 639; Field v. Railroad, 80 Mo. 203; Johnson v. Railroad, 80 Mo. 620; Moore v. Railroad, 81 Mo. 499. A fortiori, must this petition, filed originally in the circuit court, be held fatally defective. Razor v. Railroad, supra. See also cases cited under Point I. (d) All statements of this character whether filed before justices or in the circuit court, have come to be more and more strictly construed, and no case can be found, under the law as it now exists, where a petition lacking the allegations that this lacks, has been held sufficient. Manz v. Railroad, 87 Mo. 278; Ward v. Railroad, 91 Mo. 168; Wood v. Railroad, 39 Mo. App. 63; Jones v. Railroad, 52 Mo. App. 381. (e)    Under all the authorities above cited, it is manifest that the defects here complained of were not cured by the verdict: see also Staley H. F. Co. v. Wallace, 21 Mo. App. 128. (2)    Under the foregoing "authorities," it is also manifest that the court erred in the following respects, to-wit: 1. In admitting any evidence at all, no cause of action being stated. 2. In admitting evidence as to the injuries sustained, there being no allegation that the injuries were caused by any neglect of duty required by law. 3. In admitting evidence as to any lack of fences, there being no allegation as to a legal requirement of a fence at the point where the cow entered upon the right of way. (3)    Whatever evidence was adduced as to the character of the place where the cow was injured shows it to be where the railroad runs through the land of a stranger, Drum; also shows it to be where a crossing was maintained. These facts bar a recovery, even if it should be held that said place of injury was the point of entrance. Summers v. Railroad, 29 Mo. App. 47; Harrington v. Railroad, 71 Mo. 384; Rhinehardt v. Railroad, 80 S. W. 911; Hendrix v. Railroad, 50 Mo. App. 520; Carpenter v. Railroad, 119 Mo. App. 208; Acord v. Railroad, 113 Mo. App. 84.

*Albert M. Spradling* for respondent.

(1)   The petition alleges directly that the injury was caused by the failure of the defendant to erect and maintain good and lawful fences along the sides of its railroad as required by statute, and is sufficient. Seidel v. Railroad, 109 Mo. App. 160; Fraysher v. Railroad, 66 Mo. App. 573; Marion v. Railroad, 127 Mo. App. 129; Smith v. Railroad, 127 Mo. App. 160; Rowan v. Railroad, 82 Mo. App. 24; McGuire v. Railroad, 43 Mo. App. 354.   (2)   The petition is sufficient if it alleges by inference that the injury was caused by the failure of the defendant to erect and maintain good and lawful fences along the sides of its railroad, as required by statute.   McGuire v. Railroad, 43 Mo. App. 354; Perriquez v. Railroad, 78 Mo. 91; Busby v. Railroad, 81 Mo. 43; Nicholson v. Railroad, 82 Mo. 73. (3)   The petition avers that the point where the cow came upon the railroad track was not at a public crossing, nor within the corporate limits of a city, town or village, but it is not necessary that the petition alleges these facts.   It is sufficient if they appear by necessary implication.   Ringo v. Railroad, 91 Mo. 667; Perriquez v. Railroad, 78 Mo. 91; Jantzen v. Railroad, 83 Mo. 171; Lainiger v. Railroad, 41 Mo. App. 165; Shotwell v. Railroad, 37 Mo. App. 654; Lindsay v. Railroad, 53 Mo. App. 11.   (4)   The petition states a cause of action, but conceding that it is defective, its defects are cured after verdict by section 672 of the Revised Statutes of 1899, unless it would have been bad on general demurrer.   Howell v. Reynolds Co., 51 Mo. 154; Hall v. Lane, 123 Mo. 633; Reed v. Crane, 89 Mo. App. 670; Phillips v. Stewart, 87 Mo. App. 486; Murphy v. Insurance Co., 70 Mo. App. 78.   (5)   The fair way to challenge the sufficiency of a petition is by demurrer in the beginning, and if it is adjudged insufficient, and is susceptible of amendment, the fault may be cured, and not wait until the case is called to be tried on its merits

and the jury sworn and then object to the sufficiency of the petition. Haseltine v. Smith, 154 Mo. 404; Jarrett v. Mohan, 126 S. W. 212. (6) The evidence is sufficient as to where the cow entered upon the defendant's railroad track. Walters v. Railroad, 78 Mo. 617; Gee v. Railroad, 80 Mo. 283; McBride v. Railroad, 20 Mo. App. 216; Jones v. Railroad, 44 Mo. App. 15; Fraysher v. Railroad, 66 Mo. App. 573. (7) Where stock is injured at a place where the railroad company has failed to comply with the statute in maintaining lawful fences on the sides of its road, the place of killing will, in the absence of evidence to the contrary, be presumed to be the place of entry. Ellis v. Railroad, 89 Mo. App. 241; Fraysher v. Railroad, 66 Mo. App. 573; Crenshaw v. Railroad, 54 Mo. App. 233; Kinion v. Railroad, 39 Mo. App. 382; Pearsons v. Railroad, 33 Mo. App. 543.

REYNOLDS, P. J.—The principal, in fact the only, complaint in this case on the part of the appellant is that the petition fails to distinctly state that the cow, damages for the death of which is the cause of action, had entered upon the track of the defendant's road at a place where a lawful fence was required to be kept but at which place there was no fence. The action was instituted in the circuit court and the petition avers that the defendant, while running its locomotive and train of cars over its said railroad, through, along and adjoining uninclosed lands, at a point in Cape Girardeau county, Missouri, where by law it was required to erect and maintain a lawful fence and not at a public crossing, nor within an incorporated city, town or village, did, on or about the 24th of September, 1908, by its engine and cars, strike and injure the cow so that from the injuries she died. It is further averred "that said cow strayed and went in and upon said railroad grounds by reason of the failure and neglect of the defendant to erect and maintain good and lawful fences on the

sides of its railroad where said cow entered upon the same as aforesaid." The answer was a general denial. Trial before the court and jury having been commenced and plaintiff sworn as a witness on his own behalf and asked where he lived, counsel for the defendant objected to the introduction of any testimony in this case, for the reason that the petition fails to state a cause of action: First, that it fails to allege or to state any facts which show that this defendant was under any legal duty or obligation to have any fence at the point where the cow entered upon the track; second, that it fails to allege that this injury was occasioned or caused by any failure to fence at all. This objection was overruled and exception duly saved and testimony was introduced tending to show that the animal was struck by the engine of defendant's train about half way in a big cut and that she subsequently died or had to be killed in consequence of the injuries then received. This cut where the cow was struck was not fenced, and objection was made to the testimony which tended to prove this, on the ground that it was immaterial whether the railroad was fenced at the point where she was injured. This was overruled and defendant excepted. Asked how the cow got on the track, the plaintiff, as a witness, testified that he supposed she went on the track to pick, or came down on the track; that she could not have got on the track if there had been a fence but that there was no fence there at all. He stated that the cow did not get on the track at the point where she was struck; that she could not have got on the track where she was struck, because there was a high bank to get down there and that she got on the track north of the cut. Several other witnesses testified to substantially the same facts; that there was no fence at all in that vicinity. The place where the cow was struck and above the cut, where the evidence tended to show she got onto the track, was not a public crossing nor within the limits of an

incorporated town but was out in the open, uninclosed country. Defendant moved to strike out all this testimony because the petition fails to state a cause of action, fails to state facts to show that the railroad owed any duty to have any fence, fails to allege it is brought under the double damage section of the statute. This was overruled and exception saved. This was practically all the testimony in the case, all the witnesses for plaintiff testifying that there was no fence at all along the railroad in that vicinity. At the conclusion of the testimony offered by plaintiff, defendant demurred, and the demurrer being overruled and exception saved, introduced no testimony.

At the instance of plaintiff the court, after correctly instructing the jury on the obligation to fence, told them that if they found and believed from the evidence that the cow in controversy "got upon the railroad at a place where the railroad company had failed to construct and maintain a good and lawful fence as aforesaid, and was struck and injured by the locomotive and train of cars operated by defendant on the road and died from the effect of said injuries," they should find for defendant in such sum as they believed the cow was reasonably worth, not exceeding the amount sued for, forty dollars. Defendant excepted to the giving of this instruction and again requested the court to instruct the jury that under the pleadings and the law and the evidence plaintiff could not recover. This was refused, defendant excepting, and the jury returned a verdict for plaintiff in the sum of forty dollars, upon which, on motion of plaintiff, judgment was entered against defendant for double this amount.

The petition in the case is not subject to attack even by demurrer or motion. Very properly it does not state legal conclusions, but it does state the facts, which if true, entitled plaintiff to recover.

There was evidence from which the jury had a right to infer that the animal entered upon the track at a

place where a fence was required and that there was no fence there. The learned trial judge, fully and clearly understanding the law applicable to cases of this kind, kept the evidence within the line and very distinctly and very correctly stated the law to the jury in the instruction which it gave. The verdict and judgment were warranted both by the evidence and the petition. The judgment of the circuit court is affirmed. All concur.

