(December 31, 1910.)

## JAMES MONICAL, Respondent, v. NORTHERN PACIFIC RAILWAY CO., a Corporation, Appellant.

[112 Pac. 764.]

RAILROAD COMPANY—KILLING OF STOCK—LIABILITY FOR.

(Syllabus by the court.)

1. Under the provisions of sec. 2815, Rev. Codes, *held*, that the evidence in this case is sufficient to support the verdict of the jury.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. W. W. Woods, Judge.

Action to recover the value of a horse alleged to have been killed by the defendant railway company at a place where the company was required to fence its right of way. Judgment for plaintiff. *Affirmed.*

E. J. Cannon and Featherstone & Fox, for Appellant.

Agreeable to the decision in the case of *Bernardi v. Northern Pac. Ry. Co.*, 18 Ida. 76, 108 Pac. 542, the court instructed the jury in this case that the statute contemplated inclosed or cultivated fields or inclosed lands such as are found in rural farming districts, as farm lands, pastures, orchards and the like under inclosure or cultivation, and did not apply to timber lands, standing or fallen, or unoccupied public lands not cultivated or inclosed, or land held by mining location, not used for farming purposes and not cultivated or inclosed, and did not apply to inclosures around lots or small tracts of land used simply for residence purposes or habitation or small cultivated garden patches. Under these instructions the verdict is plainly against the law; the jury plainly disregarded them in rendering their verdict, and the court erred in entering judgment upon the verdict.

Walter H. Hanson, for Respondent.

We have shown that there were in the vicinity of this accident not only inclosed lands but inclosed lands in use by settlers, and that we came clearly within the purview of sec. 2815 and the interpretation thereof by this court in *Bernardi v. Northern Pac. Ry. Co.*, 18 Ida. 76, 108 Pac. 542.

SULLIVAN, C. J.—This action was brought under the provisions of sec. 2815, Rev. Codes, to recover for the killing of a horse by the appellant railway because of the failure of appellant to fence its right of way where the accident occurred. All of the material allegations of the complaint were put in issue by the answer. The case was tried first in a justice's court and judgment there rendered against the defendant, and was then appealed to the district court and judgment there rendered in favor of the plaintiff, who is respondent here. This appeal is from the judgment and order denying a new trial.

The question of negligence in the operation of appellant's train of cars by which the animal was killed is not raised.

The only question presented on this appeal is whether under the evidence the railroad company was required by the provisions of sec. 2815, Rev. Codes, to fence its track at the point where the animal was killed. Said section is in part as follows:

"Every railroad company operating any steam or electric railroad in this state, shall erect and maintain lawful fences not less than four feet high on each side of its road, where the same passes through, along or adjoining inclosed or cultivated fields or inclosed lands, with proper and necessary openings and gates therein, and farm crossings; and also construct and maintain cattle-guards at all highway crossings where fences are required as aforesaid, suitable and sufficient to prevent horses, cattle, mules or other animals from getting on the railroad. . . . . If any corporation aforesaid fail, neglect or refuse for and during the period of three months after the completion of its road through or along the fields or inclosures hereinbefore named, to erect and maintain any fence, opening gates, farm crossings or cattle-guards as herein required, and after having received not less than thirty days' notice requiring them so to do, then the owner of such fields or inclosures may erect and maintain such fences, opening gates, farm crossings and cattle-guards, and shall thereupon have a right to sue and recover from such corporation in any court of competent jurisdiction, the full value of the same."

The question whether under the provisions of said section and the evidence in the case the railroad company was required to fence its railroad right of way at the place where the said horse was killed, was submitted to the jury by the court under proper instructions, and we think from all of the evidence contained in the record that the jury was justified in finding for the plaintiff. The evidence shows that at the place where the horse was killed the plaintiff had an inclosure containing two or three acres of ground and that there were other small inclosures along said tract. The judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, J., concurs.