## ST. LOUIS & S. F. R. CO. v. STEELE.

No. 2690. Opinion Filed June 11, 1913.

(133 Pac. 209.)

1. **JUSTICES OF THE PEACE—Appeal—Pleading—Discretion.** The right to file new pleadings in the county court, on appeal from a justice of the peace court, depends upon whether it is in furtherance of justice to permit such pleadings to be filed, which is to be determined by the county court in the exercise of a sound judicial discretion.

2. **RAILROADS—Failure to Fence—Injury to Animals—Defenses.** In an action under the fence statute (sections 7499, 7500, Comp. Laws 1909), negligence of the plaintiff in the care of his stock,

contributing to the injury, is no defense, unless such negligence be shown to be willful.

3.  SAME—Rights of Landowner. A .railroad company, by its failure or neglect to erect a fence, as required in the foregoing paragraph, cannot deprive the owner of adjoining land of the rightful use thereof.

4.  SAME—Duty to ' Fence—"Penal Statutes." The foregoing sections of the statute, providing that an owner or accupant of land abutting on a railroad, who is desirous of having a hog-proof ·fence constructed along its right of way, shall give written notice to the agent of the company at the station nearest his land, are not penal statutes (quoting Words and Phrases, pp. 5269- 5271).

5.  SAME—Herd Law. The herd law, requiring domestic animals to be restrained, does not alter the obligation imposed upon railroads to fence their right of ways.

6.  SAME—Notice to Fence—Sufficiency. Under section 7500, Comp. Laws 1909, a notice to the superintendent of the railroad company, instead of to the agent at the station nearest the land desired to be fenced, while not in strict compliance therewith, is sufficient to fix a liability upon the' railroad for all damages occurring by reason of its failure or neglect to erect a fence in accordance with said statute, where it appears that the railroad actually received the notice and had .a full statutory opportunity to comply therewith.

7.  SAME—Failure to Fence—Liability. Where a railroad is required by statute to fence its right of way, and neglects so to do, it is liable for all injuries to stock resulting from such failure, though the statute does not in terms impose such liability.

8.  SAME—Negligence—Evidence. A prima facie case of negligence is established by showing that the hogs were in a field improperly fenced by the railroad company and strayed therefrom onto the tracks and were killed by defendant's train.

9.  DAMAGES—Proximate Cause. Damages suffered on account of extra care and attention required in rearing sucking pigs,· the increase of the sows killed, may be recovered; the killing of the sows being the proximate cause of such damages.

(Syllabus by Sharp, ·C.)

*Error from Jackson County Court;*
*W. T. McConnell, Judge.*

Action by P. P. Steele against the St. Louis· & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed on condition of *remittitur.*

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*Guy P. Horton,* for defendant in error.

Opinion by SHARP, C. This action, filed in the justice of peace court for Altus township, Jackson county, August 18, 1910, was to recover damages for the killing of two sows belonging to plaintiff by one of defendant's trains and for the resultant injury to twelve sucking pigs. In his petition plaintiff alleged that he had constructed a hog-proof fence around his hog pasture, except on the side bordering on the defendant's right of way, and served notice on the defendant, as required by law, to construct a hog-proof fence along that portion of its right of way contiguous to plaintiff's hog pasture; that defendant failed and refused to construct said hog-proof fence, and as a result thereof the hogs of plaintiff wandered onto defendant's tracks, and two sows were killed by defendant's train; that at the time of the killing said sows had twelve sucking pigs, five of which soon died, the seven that lived being stunted in growth, entailing additional care and expense. Plaintiff alleged that the value of the sows was $40 each and of the five pigs killed, and the services and care required for the other seven pigs, $2 each, or $104 in all. On August 22, 1910, judgment was rendered in the justice court in favor of plaintiff for this amount. Defendant appealed to the county court and on October 7th thereafter filed its answer therein, setting up two defenses, namely: (1) General denial; (2) contributory negligence of plaintiff in permitting his hogs to run in the field which had not been fenced hog proof on the side adjacent to the railroad right of way. Plaintiff filed a motion to strike the second defense. Defendant then filed a motion, with its said answer attached, asking that it be allowed to file the same, which motion, as to the second defense of the answer, was overruled. The case was tried to the court and judgment rendered for plaintiff, from which judgment defendant appeals to this court.

The first assignment of error urged is that the trial court erred in overruling defendant's application to file an answer, setting up the defense of contributory negligence. Section 6388, Comp. Laws 1909, provides:

. "* * * And the case shall be tried *de novo* in the district (county) court upon the original papers on which the cause was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed."

The question, then, is whether it would have been in furtherance of justice to have permitted the defendant to file the answer *in toto* and if the court abused its discretion in striking out the second defense thereof. A similar question was before the Supreme Court of Kansas in *Robbins et al. v. Sackett*, 23 Kan. 301, where the district court, on an appeal from a justice court, refused to allow the defendants to file an answer. It was said by the court:

"They claim that the court below erred in refusing to permit them to file an answer, setting up a counterclaim for rent for said house. Such refusal, however, we think not erroneous; nor was it material, if erroneous. It is for the court to determine whether new pleadings should be filed on an appeal. Justices' Code, sec. 122; Comp. Laws 1879, p. 720."

See, also, *Stanley et al v. Farmers' Bank*, 17 Kan. 592; *Ziegler v. Osborn*, 23 Kan. 464; *Baughman v. Hale*, 45 Kan. 453, 25 Pac. 856; *Ward v. Chicago, R. I. & P. Ry. Co.*, 87 Kan. 825, 126 Pac. 1083. As it will appear later, the defense of contributory negligence would have availed defendant nothing and we do not see how defendant was prejudicially affected by the court's refusal to permit it to be set up.

By the next assignment of error the defendant submits that it was entitled to ask and have answered the following question, to which an objection of plaintiff was sustained:

"Q. At the time you turned these sows and pigs loose in the field, you knew that there was no fence along the St. Louis & San Francisco Railroad Company's track, didn't you?"

The only purpose defendant could have had in asking this question was to show that plaintiff was negligent in turning his sows and pigs into the field adjoining defendant's track. It is well settled that even though plaintiff turned his hogs into a field, knowing the railroad company had not fenced its tracks, such fact is no defense to an action for damages for the killing of the hogs. *Chicago & Alton R. Co. v. Nevitt*, 122 Ill. App. 505; *Toledo, Wabash & Western Ry. Co. v. Cory*, 39 Ind. 218; *Claus v. Chicago Great Western Ry. Co.*, 136 Iowa, 7, 111 N. W. 15; *Missouri Pacific Ry. Co. v. Bradshaw*, 33 Kan. 533, 6 Pac. 917; *Wilder v. Maine Central R. Co.*, 65 Me. 332, 20 Am. Rep. 698; *Flint & Pere Marquette Ry. Co. v. Lull*, 28 Mich. 510; *Cressey v. Northern Railroad*, 59 N. H. 564, 47 Am. Rep. 227; *Congdon v. Central Vermont R. Co.*, 56 Vt. 390, 48 Am. Rep. 793. If plaintiff had willfully driven his hogs onto the track of defendant company, then, of course, by reason of his conduct he could not claim any damages, but no such claim is made. If defendant was right in contending that plaintiff was negligent in turning his hogs into the field adjacent to the railroad, knowing that it had not been fenced by the railroad company with hog-proof fence, the plaintiff would have been prevented from using his field as he had a right to do, and the company could protect itself absolutely by refusing to construct the fence, whereas the purpose of the statute is to enforce upon railroad companies the duty of so fencing their right of way that the owners of adjoining fields may safely pasture their hogs or other stock there.

A railroad company, by its failure or neglect to erect a fence, cannot deprive the owner of adjoining land or of the rightful use thereof. The risk in such cases is that of the railroad company and not the owner of the stock. *McCoy v. California Pacific R. Co.*, 40 Cal. 532, 6 Am. Rep. 623; *Chicago & Alton Ry. Co. v. Nevitt, supra; Rehler v. Western New York & P. R. Co.*, 8 N. Y. Supp. 286; *Congdon v. Central Vermont R. Co., supra*.

And the fact that a herd law, requiring domestic animals to be restrained, was in force at the time of the accident does not, under the facts here presented, alter the obligation imposed on railroads to fence their right of ways. *Missouri Pacific Ry. Co. v. Bradshaw,* 33 Kan. 533, 6 Pac. 917; *Missouri Pacific Ry. Co. v. Roads,* 33 Kan. 640, 7 Pac. 213; *Iola Electric R. Co. v. Jackson,* 70 Kan. 791, 79 Pac. 662.

Under the third assignment of error plaintiff in error contends that the demurrer to plaintiff's evidence should have been sustained, basing its argument upon the hypothesis that the statute under which the action was brought was penal, requiring strict construction, and that, since plaintiff did not strictly comply with the provisions thereof, he did not have a cause of action against the defendant.

Sections 7499, 7500, Comp. Laws 1909, are the governing statutes. It is therein provided that the owner or occupant of land abutting on a railroad, who is desirous of having a hog-proof fence constructed along its right of way, shall give written notice of his intention to the agent of the company at the station nearest his land. The statute simply imposes a duty that before its passage did not exist. Penal statutes are defined in *Smith v. Colson,* 31 Okla. 703, 123 Pac. 149, as follows:

"In Words and Phrases, p. 5269, it is said: 'Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American Constitutions, the executive of the state has the power to pardon. Statutes giving a private action against a wrongdoer are sometimes spoken of as penal in their nature; but in such cases neither the liability imposed nor the remedy given is strictly penal.'"

Guiding ourselves by this definition, it is evident that the statutes under consideration are not penal. Here the plaintiff, after having completed his part of the fence, gave written notice to Mr. Clark, superintendent of defendant company, at Sapulpa, Okla. But he did not give written notice to the agent at Altus, the station nearest his farm. The evidence shows, how-

ever, that plaintiff was told to send his notice to Clark, the superintendent, by the section foreman of defendant company having control of the right of way at the place plaintiff desired to have fenced. Such being the case, and since an officer of the defendant company of superior rank actually received notice to construct the fence, but took no action towards its erection for a period of five months, or at any time before the accident, we do not think it in a position to insist on strict compliance with the statute. It is plain that the purpose of the statute, to secure to railroad companies a reasonable notice in such cases, was accomplished. *Choctaw, O. & G. R. Co. v. Deperade,* 12 Okla. 367, 71 Pac. 629.

Although defendant says the fence statute is penal, yet it argues that, since no penalty is provided therein for a failure to fence against hogs, none can be recovered, and plaintiff is not entitled to a judgment. Counsel have cited no authorities in support of their contention, and we know of none. In *Parish v. Louisville & N. R. Co.,* 78 S. W. 186, 25 Ky. Law Rep. 1524, affirmed in 126 Ky. 638, 104 S. W. 690, 31 Ky. Law Rep. 1020, the contrary rule is so aptly expressed that we quote at length. There it was held that, where a railroad company was required by statute to fence its right of way and neglected to do so, it was liable for injury to cattle resulting from such failure, though the statute did not in terms impose a liability. The opinion reads:

"In that case the court said: 'There can be no doubt of the proposition that if the company is in default of the performance of a legal obligation, as by neglect to maintain a fence or cattle guard where stock may stray on the track, proof of such default and of the cattle coming on at such places and being killed will suffice to render it liable for damages.' Pierce on Railroads, p. 428. The case of *City of Henderson v. Clayton* (Ky.) 57 S. W. 1 [22 Ky. Law Rep. 283] 53 L. R. A. 145, was where the city was sued for a violation of its duty imposed by a statute. The court said: 'From time immemorial, where a statutory duty for the protection of individuals has been violated, an action at common law might be maintained.' The common-law rule referred to is thus stated in Comyn's Digest,

Action upon Statutes: 'In every case where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of a wrong done to him contrary to the said law.' Another common-law authority thus states the rule: 'Whenever an act of Parliament doth prohibit anything, the party grieved shall have an action and the offender shall be punished at the King's suit. It is written in the horn-book of the law that the public and a party particularly aggrieved may each have a distinct but concurrent remedy for an act which happens to be both a public and a private wrong.' Endlich on Statutes, sec. 463. The same common-law rule is laid down in Bishop on Noncontract Law, sec. 133, and in Cooley on Torts, p. 658."

The fact, therefore, that the statute failed to impose in terms a liability does not detract from the responsibility of the railroad company for all damages proximately caused thereby.

Plaintiff's evidence showed that he was the owner of land abutting on the railroad; that he had built a fence around his land as provided by statute, and given the defendant notice to construct their portion thereof; that he was the owner of the hogs injured; that defendant company had failed and neglected to construct the fence; and that as a result of such failure and neglect the plaintiff's hogs wandered on the track of defendant company and there were killed. This was sufficient to fix the liability of defendant, under the great weight of authorities, which hold that a railroad, not having fenced its line as provided by statute, is liable for all damages resulting therefrom. *McCoy v. California Pacific R. Co.*, 40 Cal 532, 6 Am. Rep. 623; *Johnson v. Oregon Short Line R. Co.*, 7 Idaho, 355, 63 Pac. 112, 53 L. R. A. 744; *Patrie v. Oregon Short-Line R. Co.*, 6 Idaho, 448, 56 Pac. 82; *Bernardi v. Northern Pacific R. Co.*, 18 Idaho, 76, 108 Pac. 542, 27 L. R. A. (N. S.) 796; *Monical v. Northern Pacific Ry. Co.*, 19 Idaho, 150, 112 Pac. 764; *Toledo, P. & W. Ry. Co. v. Wickery*, 44 Ill. 76; *Rabberman v. Hunt, Receiver*, 88 Ill. App. 625; *Jarvis v. Bradford*, 88 Ill. App. 685; *Chicago & Alton Ry. Co. v. Nevitt*, 122 Ill. App. 505; *Atlantic Coast Line R. Co. v. Peeples*, 56 Fla. 145, 47

South. 392; *Toledo, Wabash & Western Ry. Co. v. Cory*, 39 Ind. 218; *Craig v. Wabash R. Co.*, 121 Iowa, 471, 96 N. W. 965; *Claus v. Chicago Great Western Ry. Co.*, 136 Iowa, 7, 111 N. W. 15; *Missouri Pacific Ry. Co. v. Bradshaw*, 33 Kan. 533, 6 Pac. 917; *Missouri Pacific Ry. Co. v. Baxter*, 45 Kan. 520, 26 Pac. 49; *Iola Electric R. Co. v. Jackson*, 70 Kan. 791, 79 Pac. 662; *Stanley v. Atchison, T. & S. F. Ry. Co.*, 88 Kan. 84, 127 Pac. 620; *Wilder v. Maine Central R. Co.*, 65 Me. 332, 20 Am. Rep. 698; *Flint & Pere Marquette Ry. Co. v. Lull*, 28 Mich. 510; *Blankenship v. St. Louis & S. F. R. Co.*, 135 Mo. App. 338, 115 S. W. 1027; *Kirn v. Cape Girardeau & C. Ry. Co.*, 149 Mo. App. 708, 129 S. W. 475; *Cressey v. Northern R. Co.*, 59 N. H. 564, 47 Am. Rep. 227; *Lee v. Brooklyn Heights R. Co.*, 97 App. Div. 111, 89. N. Y. Supp. 652; *Congdon v. Central Vermont R. Co.*, 56 Vt. 390, 48 Am. Rep. 793; *San Antonio & A. P. Ry. Co. v. Harrison* (Tex. Civ. App.) 146 S. W. 596; *Rio Grande & E. P. Ry. Co. v. Garcia* (Tex. Civ. App.) 117 S. W. 204; *Galveston, H. & S. A. Ry. Co. v. Kropp* (Tex. Civ. App.) 91 S. W. 819; 3 Elliott on Railroads (2d Ed.) sec. 1181; note to 9 L. R. A. (N. S.) 347. Whether or not the operatives of the train causing the injury were negligent in the running of the train is immaterial; it appearing that the hogs came upon the track by reason of there being no proper fence. The negligence consisted of a failure to discharge the duty imposed upon the company by law, viz., the failure to construct a proper fence. *McCoy v. California Pacific R. Co.*, supra; *Craig v. Wabash R. Co.*, supra; *Claus v. Chicago Great Western Ry. Co.*, supra; *Missouri Pacific Ry. Co. v. Baxter*, supra; *Missouri Pacific Ry. Co. v. Bradshaw*, supra; *Rinehart v. Kansas City Southern Ry. Co.*, 204 Mo. 269, 102 S. W. 958; Elliott on Railroads (2d Ed.) sec. 1181.

The last ground of error urged is that the judgment of the court is not sustained by the evidence. The prayer of the petition was for $40 each for the sows and $2 each for the five pigs killed and the seven pigs which required extra care and attention, a total of $104. As the judgment was for this

amount, presumptively it was found in accordance therewith. No objection is made as to the value of the two sows. As to the seven pigs that lived, plaintiff testified that it was worth the value of the pigs to raise them by hand. Their value, according to the evidence, was between $2.50 and $5 each. Damages suffered on account of extra care and attention required in rearing the increase of animals wrongfully killed may be recovered where it appears that the killing of the animal was the proximate cause of such damages. *McDonnell v. Minneapolis, St. P. & S. S. M. Ry. Co.,* 17 N. D. 606, 118 N. W. 819. There is no evidence whatever that the five pigs that died did so as the result of the killing of the sows, and we cannot say such was the fact in the absence of proof.

Finding no error in the record, except in the particular above noted, the judgment of the trial court will be affirmed, if the plaintiff within fifteen days from the filing of this opinion files a *remittitur* in this court of $10; otherwise the judgment of the lower court should be reversed and the cause remanded for a new trial.

By the Court: It is so ordered.