## NEWMAN BROS. CO. v. MENDENHALL.

No. 4176. Opinion Filed May 11, 1915.

(148 Pac. 1016.)

**JUSTICES OF THE PEACE—Appeal—Pleadings—Discretion.** Where defendant makes default in the justice court and, after appeal by him to the county court, attempts to file an answer and set-off to plaintiff's bill of particulars, **held** not error, as a general rule, for the court to refuse to permit said answer to be filed and to refuse testimony offered in support of the issues thereby raised, under section 5467, Rev. Laws 1910, relative to filing additional pleadings on appeal "in furtherance of justice."

(Syllabus by the Court.)

*Error from County Court, Osage County;*
*C. T. Bennett, Judge.*

Action by J. C. Mendenhall against the Newman Bros. Company, a corporation. Judgment for plaintiff, and defendant brings error. Judgment affirmed.

*J. M. Worten,* for plaintiff in error.

*E. H. Mattingly* and *Leahy & MacDonald,* for defendant in error.

BROWN, J. Plaintiff below sued the defendant, a nonresident corporation, in the justice court, on account for commissions alleged to be due from sale of musical instruments and appliances, and garnished a resident debtor of defendant. Service by publication was duly made upon defendant, who made default in the justice court, and judgment for the amount claimed was rendered against it. After the judgment was entered the defendant corporation prosecuted an appeal to the county court, where it sought to file an answer containing a set-off or counterclaim to plaintiff's demand. The court refused to permit the same to be filed, and also refused evidence offered in support of such claim. In the county court a trial was had without a jury, and judgment for plaintiff was rendered for $115. From this judgment, plaintiff in error brings the case here.

Section 5467, Rev. Laws 1910, is relied on as ground for reversal of said judgment, and the part of said section pertinent to this case is as follows:

"* * * The case shall be tried *de novo* in the appellate court upon the original papers upon which the cause was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed."

This court in *St. L. & S. F. R. Co. v. Steele,* 37 Okla. 537, 133 Pac. 209, and *Horton v. Early,* 39 Okla. 99, 134

Pac. 436, 47 L. R. A. (N. S.) 314, held it to be a matter for the exercise of a sound judicial discretion on the part of the trial court in determining when the permitting of such pleadings in the appellate court is in furtherance of justice. These cases cite *Robbins v. Sacket*, 23 Kan. 301, and *Stanley v. Farmers' Bank*, 17 Kan. 592, wherein the same holding is made by the Supreme Court of Kansas.

It appears there was no application made to the justice court, to set aside the default judgment therein rendered.

Under the facts as presented in this case, we cannot say there was an abuse of discretion on the part of the trial court in refusing to allow the additional pleadings to be filed and the new issues presented.

The judgment of the trial court is, therefore, affirmed.

All the Justices concur.